**Jason K. Singleton**, State Bar #166170
lawgroup@sbcglobal.net
**Richard E. Grabowski**, State Bar #236207
rgrabows@pacbell.net
**SINGLETON LAW GROUP**
**611 "L" Street, Suite A**
**Eureka, CA 95501**
**(707) 441-1177**
**FAX  441-1533**

Attorneys for Plaintiff, ASIS INTERNET SERVICES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASIS INTERNET SERVICES, a California corporation,**<br><br>    Plaintiff,<br>vs.<br><br>**AZOOGLE.COM, INC., a Delaware Corporation dba AZOOGLEADS US, INC., a Delaware Corporation, and DOES ONE through FIFTY, inclusive,**<br><br>    Defendants. | Case No. C-07-4630 JSW<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – VIOLATION OF CAN-SPAM ACT OF 2003 [15 *U.S.C.* § 7701, *et seq.*] AND CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17529.5**<br><br>**DEMAND FOR JURY TRIAL** |

**Plaintiff, ASIS INTERNET SERVICES, a California corporation,** and an Internet Access Provider**,** complains of Defendants **AZOOGLE.COM, INC., a Delaware Corporation, dba AZOOGLEADS US, INC., a Delaware Corporation, and DOES ONE through FIFTY, inclusive**, and alleges violations of *CAN-SPAM Act,* **15** *U.S.C.* **§ 7704(a), (b),** and *California Business and Professions Code* **§ 17529.5(a)** and requests injunctive relief, liquidated damages, statutory damages, aggravated damages, and attorney fees authorized as remedies under **15** *U.S.C.* **§ 7706(g)** and *California Business and Professions Code* **§ 17529.5(b)(1)(B)**.

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction of this action pursuant to **28** *U.S.C.* **§ 1331** for violations of the *CAN-SPAM Act of 2003* **(15** *U.S.C.* **§§ 7701 et seq.).**   This Court also has

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    1

1. original jurisdiction under **15 *U.S.C.* § 7706(g)(1)** for cases involving a civil action by an **internet access provider** adversely affected by a violation of section **15 *U.S.C.* § 7704(a)(1, 15 *U.S.C.* § 7704(b), or 15 *U.S.C.* § 7704(d)**, or a pattern or practice that violates paragraphs **(2), (3), (4), or (5) of section 15 *U.S.C.* § 7704(a).** Pursuant to pendent jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of ***California Business & Professions Code § 17529.5***.

2. This Court has personal jurisdiction over Defendants **AZOOGLE.COM, INC. dba AZOOGLEADS US, INC.,** who maintain offices at 1051 East Hillsdale Blvd, Suite 520, Foster City, California, 94404. Therefore, the court has personal jurisdiction pursuant to physical presence of the Defendant within the court's territorial jurisdiction. ***Burnham v. Sup.Ct.***, 495 *US* at 610–611, (1990).

3. Venue is proper in this Court pursuant to **28 *U.S.C.* § 1391(b)** and is founded on the fact that a substantial part of the unlawful actions of the defendants occurred in this judicial district.

**FACTUAL ALLEGATIONS**

4. Plaintiff is informed and believes and therefore alleges that Defendant **AZOOGLE.COM, INC.,** is a Delaware Corporation with offices in California. Plaintiff is informed and believes and therefore alleges that Defendant **AZOOGLEADS US, INC.,** is a Delaware Corporation with offices in California. Plaintiff is informed and believes and therefore alleges that Defendant **AZOOGLE.COM, INC.,** is doing business as or is the owner of **AZOOGLEADS US, INC. AZOOGLE.COM, INC. dba AZOOGLEADS US, INC.,** is believed to be a corporation or partnership providing internet marketing services to retailers selling to residents of the United States and California over the internet.

5. Plaintiff **ASIS INTERNET SERVICES (hereafter "ASIS)** does not know the true names and capacities of defendants **AZOOGLE.COM, INC. and AZOOGLEADS US, INC**, their business capacities, their ownership connection to the business(s), nor their relative responsibilities in causing the ***CAN-SPAM Act of 2003*** and other violations herein complained

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    2

of, and alleges a joint venture and common enterprise by all such defendants. Plaintiff is informed and believes that each of the defendants herein, including DOES ONE to FIFTY, inclusive, is the agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. Plaintiff will seek leave to amend this Complaint when the true names, capacities, connections and responsibilities of defendants **AZOOGLE.COM, INC. and AZOOGLEADS US, INC., and DOES ONE to FIFTY, inclusive**, are ascertained.

6.  Plaintiff is informed and believes that all named defendants, including **DOES ONE to FIFTY, inclusive**, conspired to commit the acts described herein, or alternatively, aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

7.  Plaintiff **ASIS** is a California corporation registered to do business in California and is located in Garberville, California. **ASIS** provides Internet access service within the meaning of **15 *U.S.C.* § 7702(11)**.

8.  Plaintiff alleges that Defendants sent or caused to have sent **1296** commercial electronic mail messages from **October 25, 2005, through August 14, 2007**, to Plaintiff's server, a protected computer, containing, and/or accompanied by, header information that was materially false or materially misleading.

9.  Plaintiff states that the email accounts that the **1296** commercial emails were sent to did not solicit the emails. These emails were unsolicited because they were sent to unassigned or inactive email accounts owned by **ASIS**. **ASIS** did not solicit any product, service, or information from any entity using these email accounts.

10. Plaintiff alleges that Defendants sent or caused to have sent **1296** unsolicited e-mail advertisements containing and/or accompanied by falsified, misrepresented, or forged

header information.

11. Plaintiff alleges that Defendants used a harvest and directory attack to acquire Plaintiff's and Plaintiff's customers email accounts to send **1296** commercial electronic mail messages to a Plaintiff's protected computer. Many of the email accounts receiving the emails have not been in-active for several years.

### FIRST CAUSE OF ACTION
(**Violation of CAN-SPAM Act of 2003 – 15 *U.S.C.* §7704(a)(1) and (2), and 15 *U.S.C.* §7704(b)(1) and (3)**)

12. Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

13. On **October 25, 2005, through August 14, 2007**, Plaintiff received **1296** commercial electronic mail messages from defendants to its mail server located in California that violated the *CAN-SPAM Act of 2003*.

14. Plaintiff alleges that all of the relevant electronic mails sent by or on behalf of the Defendants on **October 25, 2005, through August 14, 2007**, contained or were accompanied by header information that was materially false or materially misleading. At the time each of these emails was sent the true identity of the senders was concealed using proxy or privacy services. Each of these **1296** messages indicated that they were from email accounts such as: "Girls Gone Wild" GirlsGoneWild@weekendropedust.com (see email, landing page, email source and whois information in Exhibit "A" attached hereto); "eliza grimes" elizagrimes@sourtreasury.com (see email, landing page, email source and whois information in Exhibit "B" attached hereto); "PaidSurveys" PaidSurveys@orangescreens.com (see email, email source, whois information, and the gif image in the email printed directly from the Azoogle server 1100i.com in Exhibit "C" attached hereto); "carrythedeal" carrythedeal@manytimesforyou.com (see email, email source, whois information for manytimesforyou.com, the landing page directinsureonline.com, and the WHOIS information for directinsuronline.com in Exhibit "D" attached hereto); and various other unknown identities. Note that all receiving email accounts have been redacted, while these email all represent inactive email accounts they are still the property of **ASIS Internet Services** and are protected

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    4

by ASIS's corporate privilege. A WHOIS check of the domain name registration for weekendropedust.com, sourtreasury.com, and manytimesforyou.com indicate that their domain names were registered under a protection service (WHOIS Privacy Protection Service, Inc.). A WHOIS check of the domain name registration for orangescreens.com indicates that the domain name was registered under a proxy service (Domains by Proxy, Inc.). The true registrant for these domains cannot be determined without a subpoena. See Exhibit "B" for the email, source code, and WHOIS report attached hereto. Plaintiff has reviewed the Domain Name registration for all of the sending Domain Names and determined that at the time of sending all of the emails were sent using email accounts registered to domain names that were registered under services that conceal the true identity of the domain name registrant through a proxy service or privacy service. See the WHOIS reports for all sending domain names in Exhibit "E."  Also see examples of domain name privacy/proxy service advertisements/policies in Exhibit "F." Note that Registerfly.com, owner of Protectfly.com, lost its accreditation as a registrar from ICANN and is no longer in business. **15 *U.S.C.* §7704(a)(1)(A)** states:

> "(A) header information that is technically accurate but includes an originating electronic mail address, domain name, or Internet Protocol address the access to which for purposes of initiating the message was obtained by means of false or fraudulent pretenses or representations shall be considered materially misleading.

**15 *U.S.C.* §7704(a)(6)** states:

> "the term "materially", when used with respect to false or misleading header information, includes the alteration or concealment of header information in a manner that would impair the ability of an Internet access service processing the message on behalf of a recipient, a person alleging a violation of this section, or a law enforcement agency to identify, locate, or respond to a person who initiated the electronic mail message or to investigate the alleged violation…"

Therefore, since false information was used to generate the domain names and/or domain names were concealed from investigation through proxy/privacy services the electronic mail messages violated **15 *U.S.C.* §7704(a)(1)(A)**.

15.   Plaintiff further alleges that it received thousands of separate items of electronic

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF      5

1 mail from the Defendants to email addresses that had not existed for the prior year and had
2 not requested or agreed to accept any solicitations.

3     16.    Plaintiff further alleges that the email advertisements were sent on behalf of
4 Defendants.  Many of the emails contained Uniform Resource Locators (hereafter "URL") that
5 directed the recipient or were sent to sites that redirected the recipient to websites owned by
6 Defendant Azoogle.  For example the email from "eliza grimes" elizagrimes@sourtreasury.com
7 sends the recipient to "azoogleads.com/error.html," the site that used by Azoogle when an
8 advertising campaign is discontinued. See Exhibit B.  The email from "carrythedeal"
9 carrythedeal@manytimesforyou.com sends the recipient to the web site
10 Directinsureonline.com that is owned by Azoogle.  See Exhibit D.  The email from "Girls Gone
11 Wild" GirlsGoneWild@weekendropedust.com sends the recipient to the URL:
12 http://www.girlsgonewild.com/index.cfm?action=home.sitecontentfile&f=landingpages/ultimater
13 ush2b_999_0sh&pccode=ultimaterush_adzoogle&nats=MjE3OjI4Ojk0,0,0,0,0&ptoken=azg_10
14 366-061007CAPITALAZGGW&bp=1.  See Exhibit A.  This URL is obviously a redirect through
15 Azoogle to the final landing page.  Many of the links are no longer operating and therefore the
16 final landing page cannot be determined.  **All** of the emails contain URLs to images located on
17 one of the following Azoogle servers:  "qckjmp.com," "stopmailinglist.com," "azjmp.com," and
18 "1100l.com."  See source code contained in Exhibits "A", "B", "C" and "D" and WHOIS reports
19 in Exhibit "G."   These images are downloaded from the Azoogle servers when the emails are
20 opened by a recipient.

21     17.    Plaintiff further alleges that the Defendants sent or had sent **1296** separate items
22 of electronic mail to Plaintiff's computer that were acquired as the result of a directory harvest.
23 Said conduct was in violation of **15 *U.S.C.* §7704(b)(1)**.

24     18.    As a proximate result of said unlawful conduct by said Defendants, Plaintiff is
25 entitled to statutory damages in the amount of up to $100.00 per email in the case of violation
26 of **15 *U.S.C.* §7704(a)(1)** in the form of statutory damages as set forth in **15 *U.S.C.*
27 §7706(g)(1)(B)(ii) and (3)(A)(i)** and **(ii)**.

28     19.    As a proximate result of said unlawful conduct by said defendants, Plaintiff is

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    6

entitled to treble all statutory damages as a result of violation of any section of **15 *U.S.C.* §7704(b)** as set forth in **15 *U.S.C.* §7706(g)(1)(C)**.

20.  Plaintiff furthermore seeks a preliminary and permanent injunction against the defendants for their current and future violations of the ***CAN-SPAM Act of 2003*** as Plaintiff and members of the general public will continue to incur damages as a result of the unlawful conduct of said defendants.  The seeking of injunctive relief by the plaintiff is specifically authorized by **15 *U.S.C.* §7706(g)(1)(A)**.

21.  Plaintiff furthermore seeks its attorney fees and costs against the defendants pursuant to **15 *U.S.C.* §7706(g)(4)**.

## SECOND CAUSE OF ACTION
**(Violation of *California Business and Professions Code* §17529.5  
Unlawful activities relating to commercial email advertisements.)**

22.  Plaintiff hereby incorporates by reference paragraphs 1 through 21, inclusive, as if the same were fully set forth herein.

23.  Plaintiff alleges that all of the relevant electronic mail advertisements sent or sent on behalf of the Defendants on **October 25, 2005, through August 14, 2007**, accompanied by header information that was materially false or materially misleading.  Each of these **1296** messages indicated that they were from email accounts such as: "Girls Gone Wild" GirlsGoneWild@weekendropedust.com (see email, landing page, email source and whois information in Exhibit "A" attached hereto); "eliza grimes" elizagrimes@sourtreasury.com (see email, landing page, email source and whois information in Exhibit "B" attached hereto); "PaidSurveys" PaidSurveys@orangescreens.com (see email, email source, whois information, and the gif image in the email printed directly from the Azoogle server 1100i.com in Exhibit "C" attached hereto); "carrythedeal" carrythedeal@manytimesforyou.com (see email, email source, whois information for manytimesforyou.com, the landing page directinsureonline.com, and the WHOIS information for directinsuronline.com in Exhibit "C" attached hereto);  and various other unknown identities.   Note that all receiving email accounts have been redacted, while these email all represent inactive email accounts they are still the property of **ASIS Internet Services** and are protected by ASIS's corporate privilege.  A WHOIS check of the

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF      7

domain name registration for weekendropedust.com, sourtreasury.com, and manytimesforyou.com indicate that their domain names were registered under a protection service (WHOIS Privacy Protection Service, Inc.). A WHOIS check of the domain name registration for orangescreens.com indicates that the domain name was registered under a proxy service (Domains by Proxy, Inc.). The true registrant for these domains cannot be determined without a subpoena. See Exhibit "B" for the email, source code, and WHOIS report attached hereto. Plaintiff has reviewed the Domain Name registration for all of the sending Domain Names and determined that all of the emails were sent using email accounts registered to domain names that are registered under services that conceal the true identity of the domain name registrant through a proxy service or privacy service. See the WHOIS reports for all sending domain names in Exhibit "E." Also see examples of domain name privacy/proxy service advertisements/policies in Exhibit "F." Note that Registerfly.com, owner of Protectfly.com, lost its accreditation as a registrar from ICANN and is no longer in business. ***California Business and Professions Code* § 17529.5(a)(2)**.

24. Plaintiff further alleges that the email advertisements were sent on behalf of Defendants. Many of the emails contained Uniform Resource Locators (hereafter "URL") that directed the recipient or were sent to sites that redirected the recipient to websites owned by Defendant **Azoogle**. For example the email from "eliza grimes" elizagrimes@sourtreasury.com sends the recipient to "azoogleads.com/error.html," the site that used by Azoogle when an advertising campaign is discontinued. See Exhibit B. The email from "carrythedeal" carrythedeal@manytimesforyou.com sends the recipient to the web site Directinsureonline.com that is owned by Azoogle. See Exhibit D. The email from "Girls Gone Wild" GirlsGoneWild@weekendropedust.com sends the recipient to the URL: http://www.girlsgonewild.com/index.cfm?action=home.sitecontentfile&f=landingpages/ultimaterush2b_999_0sh&pccode=ultimaterush_adzoogle&nats=MjE3OjI4Ojk0,0,0,0,0&ptoken=azg_10366-061007CAPITALAZGGW&bp=1. See Exhibit A. This URL is obviously a redirect through Azoogle to the final landing page. Many of the links are no longer operating and therefore the final landing page cannot be determined. **All** of the emails contain URLs to images located

on one of the following Azoogle servers: "qckjmp.com," "stopmailinglist.com," "azjmp.com," and "1100l.com." See source codes contained in Exhibits "A", "B", "C" and "D" and WHOIS reports in Exhibit "G." These images are downloaded from the Azoogle servers when the emails are opened by a recipient.

25. As a proximate result of said unlawful conduct by said Defendants, Plaintiff is entitled to liquidated damages in the amount of $1,000.00 for each unsolicited commercial email transmitted in violation of *California Business and Professions Code* **§ 17529.5(a)** as set forth in *California Business and Professions Code §* **17529.5(b)(1)(B)(ii)**.

26. Plaintiff furthermore seeks its attorney fees and costs against the defendants pursuant to *California Business and Professions Code* **§17529.5(b)(1)(C)**.

**WHEREFORE**, plaintiff prays judgment against the defendants and each of them as follows:

1. For statutory damages of up to $100.00 for each violation of **15** *U.S.C.* **§7704(a)(1)** in the sum of **$129,600**;

2. For aggravated damages under **15** *U.S.C.* **§7706(g)(1)(C)** of up to three times the amount above for these violations committed by the defendants' violations of **15** *U.S.C.* **§7704(b)** in the sum of **$388,800**;

3. For a preliminary and permanent injunction preventing the defendants and all persons acting in concert with them from the violation of the *Can-Spam Act of 2003*;

4. For liquidated damages of $1,000.00 for each violation of *California Business and Professions Code* **§ 17529.5(a)** in the sum of **$1,296,000**;

5. For an award of reasonable attorneys' fees and costs according to proof;

6. For costs of suit; and

7. For such other and further relief as this Courts deems just and proper.

**SINGLETON LAW GROUP**

Dated:     August 24, 2007            /s/ Jason K. Singleton
                                    Jason K. Singleton
                                    Richard E. Grabowski,
                                    Attorneys for Plaintiff, **ASIS INTERNET SERVICES**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF     9

**REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a jury for all claims for which a jury is permitted.

**SINGLETON LAW GROUP**

Dated: August 24, 2007      /s/ Jason K. Singleton
Jason K. Singleton
Richard E. Grabowski
Attorneys for Plaintiff, **ASIS INTERNET SERVICES**