**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III (CA Bar No. 203748)
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
Deepa Krishnen (Car Bar No. 228664)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158

Attorneys for Defendant, AZOOGLEADS.COM, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASIS INTERNET SERVICES**, a California corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>**AZOOGLE.COM, INC.**, a Delaware Corporation dba AZOOGLEADS US, INC., a Delaware Corporation, and DOES ONE through FIFTY, inclusive,<br><br>              Defendants. | Case No. C-07-4630 JSW<br><br>**ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Defendant, AzoogleAds.Com, Inc. ("Azoogle"), by and through its counsel, Kronenberger Burgoyne, LLP, for itself and no other party, as and for its Answer to Plaintiff Asis Internet Services' ("Plaintiff" or "Asis") Complaint, denies each and every allegation not specifically addressed herein, including Plaintiff's introductory paragraph, and admits, avers and denies as set forth below. Azoogle notes that Plaintiff has named Azoogle.com, Inc. as the Defendant in this lawsuit and not AzoogleAds.Com, Inc. AzoogleAds.Com, Inc. submits this Answer on behalf of itself.

## JURISDICTION AND VENUE

1. The allegations contained in paragraph 1 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Azoogle denies same.

2. The allegations contained in paragraph 2 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Azoogle denies same.

3. The allegations contained in paragraph 3 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Azoogle denies same.

## FACTUAL ALLEGATIONS

4. Azoogle admits that it is a Delaware corporation. Azoogle denies the remaining allegations contained in Paragraph 4.

5. The allegations contained in Paragraph 5 of the Complaint call for a conclusion of law to which no response is required. Azoogle denies the remaining allegations contained in Paragraph 5.

6. Azoogle denies the allegations contained in Paragraph 6.

7.  The allegations contained in paragraph 2 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Azoogle denies same.

8.  Azoogle denies the allegations contained in Paragraph 8 as to Azoogle and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and on that basis, denies the same.

9.  Azoogle denies the allegations contained in Paragraph 9 as to Azoogle and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and on that basis, denies the same.

10. Azoogle denies the allegations contained in Paragraph 10 as to Azoogle and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and on that basis, denies the same.

11. Azoogle denies the allegations contained in Paragraph 11 as to Azoogle and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, and on that basis, denies the same.

## **FIRST CAUSE OF ACTION**

12. In response to paragraph 12 of the Complaint, Azoogle incorporates its responses to paragraphs 1 through 11, inclusive, with the same force and effect as if fully set forth herein.

13. Azoogle denies the allegations contained in Paragraph 13 as to Azoogle and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and on that basis, denies the same.

14. Azoogle denies the allegations contained in Paragraph 14 as to Azoogle and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, and on that basis, denies the same.

15. Azoogle denies the allegations contained in Paragraph 15 as to Azoogle and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and on that basis, denies the same.

16. Azoogle denies the allegations contained in Paragraph 16 as to Azoogle and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and on that basis, denies the same.

17. Azoogle denies the allegations contained in Paragraph 17.

18. The allegations contained in paragraph 18 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Azoogle denies same.

19. The allegations contained in paragraph 19 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Azoogle denies same.

20. The allegations contained in paragraph 20 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Azoogle denies same.

21. The allegations contained in paragraph 21 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Azoogle denies same.

**SECOND CAUSE OF ACTION**

22. In response to paragraph 12 of the Complaint, Azoogle incorporates its responses to paragraphs 1 through 21, inclusive, with the same force and effect as if fully set forth herein.

23. Azoogle denies the allegations contained in Paragraph 23 as to Azoogle and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23, and on that basis, denies the same.

24.  Azoogle denies the allegations contained in Paragraph 24 as to Azoogle and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24, and on that basis, denies the same.

25.  The allegations contained in paragraph 25 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Azoogle denies same.

26.  The allegations contained in paragraph 26 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Azoogle denies same.

## AFFIRMATIVE DEFENSES

Azoogle sets forth below its affirmative defenses. Each defense is asserted as to all causes of action unless otherwise noted. By setting forth these affirmative defenses, Azoogle does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations.

## FIRST AFFIRMATIVE DEFENSE

As Azoogle's First Affirmative Defense, Azoogle asserts that Plaintiff has failed to state a cause of action upon which relief may be granted. Plaintiff has failed to plead the prima facie elements of its asserted causes of action.

## SECOND AFFIRMATIVE DEFENSE

As Azoogle's Second Affirmative Defense, Azoogle asserts that the allegations contained in Plaintiff's Complaint fail to confer personal jurisdiction over Azoogle.

### THIRD AFFIRMATIVE DEFENSE

As Azoogle's Third Affirmative Defense, Azoogle asserts that Plaintiff has failed to bring this action in the appropriate venue.

### FOURTH AFFIRMATIVE DEFENSE

As Azoogle's Fourth Affirmative Defense, Azoogle asserts that Plaintiff's claims are barred, in whole or in part, because Plaintiff knowingly assumed the risks it now complains of.

### FIFTH AFFIRMATIVE DEFENSE

As Azoogle's Fifth Affirmative Defense, Azoogle asserts that Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and Plaintiff should be estopped from bringing this lawsuit.

Plaintiff has intentionally and with forethought engaged in a scheme to extort money from Azoogle through the use of the CAN-SPAM Act of 2003 and California Business and Professions Code §17529.5.

Plaintiff has admitted that it has intentionally taken affirmative steps to cause the alleged misconduct and to incur the alleged harm.

### SIXTH AFFIRMATIVE DEFENSE

As Azoogle's Sixth Affirmative Defense, Azoogle asserts that any recovery herein by Plaintiff is barred by the doctrine of in pari delicto, because Plaintiff bears fault for the damages it suffered.

### SEVENTH AFFIRMATIVE DEFENSE

As Azoogle's Seventh Affirmative Defense, Azoogle asserts that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to use ordinary care and diligence

to take all necessary steps to mitigate and minimize any damages Plaintiff claims to have sustained and for which it seeks recovery in this action.

**EIGHTH AFFIRMATIVE DEFENSE**

As Azoogle's Eighth Affirmative Defense, Azoogle asserts that if Plaintiff has sustained any injuries or incurred any adverse effect or losses, such adverse effect or losses, if any, were the result of intervening or superseding events, factors, occurrences, or conditions, which were in no way caused by Azoogle and for which Azoogle is not liable.

**NINTH AFFIRMATIVE DEFENSE**

As Azoogle's Ninth Affirmative Defense, Azoogle asserts that any loss, injury or damage incurred by Plaintiff was proximately caused by the acts of third parties or non-parties whom Azoogle neither controlled nor had the right to control.

**TENTH AFFIRMATIVE DEFENSE**

As Azoogle's Tenth Affirmative Defense, Azoogle asserts that damages, if any, were proximately caused by Plaintiff and, therefore, require an allocation of fault.

**ELEVENTH AFFIRMATIVE DEFENSE**

As Azoogle's Eleventh Affirmative Defense, Azoogle asserts that Plaintiff invited and consented to the acts of Azoogle alleged in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

As Azoogle's Twelfth Affirmative Defense, Azoogle asserts that Plaintiff's alleged incidents of loss and damage were intentionally caused by, or with knowledge and consent of Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As Azoogle's Thirteenth Affirmative Defense, Azoogle asserts that Plaintiff waived any claim or cause of action against Azoogle for the acts alleged in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As Azoogle's Fourteenth Affirmative Defense, Azoogle asserts that Plaintiff's claims are barred in whole, or in part, under the doctrine of pre-emption.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As Azoogle's Fifteenth Affirmative Defense, Azoogle asserts that Plaintiff's action is barred by the principles of res judicata.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As Azoogle's Sixteenth Affirmative Defense, Azoogle asserts that Plaintiff's action is barred by the principles of collateral estoppel.

**ADDITIONAL AFFIRMATIVE DEFENSES**

Azoogle hereby gives notice that it intends to rely on any additional affirmative defenses that become available or apparent during discovery and thus reserve the right to amend their answer to assert such additional affirmative defenses.

//
//
//
//
//

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint and asserted the above affirmative defenses, AzoogleAds.Com, Inc. prays that the action be dismissed with prejudice and costs as to AzoogleAds.Com, Inc.

DATED: October 9, 2007

**KRONENBERGER BURGOYNE, LLP**

/s/

Jeffrey M. Rosenfeld
Attorneys for Defendant, Azoogle