**Jason K. Singleton**, State Bar #166170
lawgroup@sbcglobal.net
**Richard E. Grabowski**, State Bar #236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
611 "L" Street, Suite A
Eureka, CA 95501
(707) 441-1177
FAX  441-1533

Attorneys for Plaintiff, ASIS INTERNET SERVICES

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation,<br><br>         Plaintiff,<br>vs.<br><br>AZOOGLE.COM, INC., a Delaware Corporation dba AZOOGLEADS US, INC., a Delaware Corporation, and DOES ONE through FIFTY, inclusive,<br><br>         Defendants. | Case No.  C-07-4630 MHP<br><br>NOTICE OF MOTION AND MOTION TO REQUEST THE COURT'S PERMISSION TO SUBPOENA DOMAIN REGISTRATION COMPANIES REGARDING IDENTITY OF SPAMMERS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION<br><br>DATE:  January 28, 2008<br>TIME:  2:00 p.m.<br>CTRM:  15, 18th Floor, San Francisco |

**NOTICE OF MOTION AND MOTION**:

To Defendant, **Azoogle.com, Inc.**, and its attorney of record:

Please take notice that on January 28, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard by the above entitled Court, located in Courtroom 15, 18th Floor, 450 Golden Gate Ave., San Francisco, California.  Plaintiff will and hereby does move the Court for relief from the Court's order of November 5, 2007, STAYING C-07-4630 MHP, filed in Docket 278 of C-05-5124.  Plaintiff brings this motion in order to preserve evidence in this case.  The parties who sent the spam emails in this case have not been identified and cannot be identified without a subpoena to the Domain Name Registration/Privacy Services with whom they are

1 registered. As this information may be lost or compromised by a delay and or the spammers 2 may flee, Plaintiff requests the Court's permission to issue subpoenas to the registration 3 companies to discover the identity and billing information of the entities who sent the emails.

4 This motion is based on this Notice of Motion and Motion, the Memorandum of Points 5 and Authorities filed herewith, and upon such other matters as may be presented to the Court 6 at the time of the hearing.

7 Plaintiff has met and conferred with opposing counsel, Henry M. Burgoyne, III, 8 regarding this matter and opposing counsel as of the date of filing has not indicated whether 9 they will oppose the motion. See **Exhibit "A"** attached hereto for the series of emails between 10 counsel.

## MEMORANDUM OF POINTS AND AUTHORITIES

12 As reported in Plaintiff's Complaint, Docket 1 of C-07-4630, Para. 14, all of the emails at 13 issue in this case were sent using email accounts that were registered using a privacy or proxy 14 service. The identity of the email senders cannot be determined without sending a subpoena 15 to the registration companies. A complete set of the WHOIS reports for the sending domain 16 names is provided in Exhibit E1 – E6 to the Complaint. Examples of the emails and the 17 corresponding WHOIS reports for the sending domains is contained in Exhibit A – D to the 18 Complaint.

19 Because of the nature of spam and the difficulty in identifying the actual senders, time is 20 of the essence in trying to identify the actual senders. It is very likely that a delay of eight 21 months (the trial in C 05-5124 has now been set for June 9, 2008 (See Docket 313 Minute 22 Order – courtesy copy attached)) will result in the loss of information about the actual senders.

23 There is no requirement for a domain name registration company to maintain 24 permanent archives of domain name registration information. The ICANN REGISTRAR 25 ACCREDITATION AGREEMENT of 1999 only requires that a registration company keep 26 information for active domain names. See **Exhibit "B"** attached hereto for an excerpt of the 27 ICANN REGISTRAR ACCREDITATION AGREEMENT (RAA) of 1999, Paragraph III (E) 28 Retention of SLD Holder and Registration Data, the complete agreement can be found at

http://www.icann.org/registrars/ra-agreement-12may99.htm.  This agreement has been modified annually since 1999 by memos of agreement.  The Government Accounting Office has interpreted this section of the RAA to mean that the requirement applies to active domain name registrations:

> As part of the terms of the RAA, each registrar is to provide a Web-based Whois service that offers free access to contact information on all active registered domain names sponsored by the registrar.
>
> **GAO-06-165 False Domain Name Contact Information**, Pg. 17, excerpt attached hereto as **Exhibit "C"**  ( you can find the entire report at: http://www.gao.gov/new.items/d06165.pdf)

The information kept by the Internet Archive only identifies that the domain was registered using a proxy service, it does not identify the actual registrant.  Because of the complexity of maintaining this type of information, it is very likely that a registration company will only maintain records of closed accounts for a limited period of time.  There is no legal requirement that the account information be maintained.  Most spammers register, send their spam, and then close domain names very quickly.  Therefore, it is likely that the spammers are already closing the accounts and that the registration companies will purge the information in the near future.

The domain names at issue in this case are registered with the following domain name/proxy service companies:

**WhoisGuard** (Operated by NameCheap.com)

**Whois Privacy Protection Service, Inc**. (Operated by eNom)

**SecureWhois, Inc.** (Secure Whois, Inc.)

**RegisterFly/ProtectFly** (ICANN Registration contract terminated by ICANN on March 31, 2007, the Registerfly portfolio was bought out by Go Daddy on May 29, 2007 – Source: Wikepedia at http://en.wikipedia.org/wiki/RegisterFly)

**privacypost.com** (Privacy Post Inc. related to Dotster, Inc.)

**Moniker Privacy Services** (Operated by Moniker Online Services, LLC. a subsidiary of Seevast, Corp.)

**Domains By Proxy, Inc.** (Operated by Go Daddy)

**contactprivacy.com** (Operated by Tucows Inc.)

**Network Solutions** (Network Solutions, LLC)

**Private Who Is** (Operated by Big Pixel Media, LLC)

## ARGUMENT

**1.    The Court can relieve the parties of its stay based on its own discretion.**

"A district court has discretionary power to stay proceedings in its own court under Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)." ***Lockyer v. Mirant Corp.***, 398 F.3d 1098 at 1109 (9th Cir. 2005). It is therefore within the court's power to lift the stay based on the limitations established in ***Landis.*** The court, at its own discretion, may allow a Plaintiff limited authority to issue subpoenas to investigate the identity of other potential defendants and prevent the loss of evidence.

A stay must be kept within the bounds of moderation. ***Landis v. North American Co.***, 299 U.S. 248 at 167 (1936). The Court in ***Lockyer v. Mirant Corp.***, 398 F.3d 1098 at 1110 (9th Cir. 2005) set out the criteria for a stay:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

Since a delay in requesting information from the domain registration companies would complicate, and possibly make impossible, the discovery of the actual senders of the spam, relief from the stay should be allowed. Further delay will work a significant hardship on Plaintiff. Plaintiff would be burdened in two ways. First, Plaintiff would be limited in discovering the identities of other potential defendants. Second, having no notice of the law suit against them, the registration companies and the potential defendants may in the course of their normal business activities destroy vital evidence.

## CONCLUSION

Therefore, for the reasons stated above, Plaintiff requests that the Court allow Plaintiff

1  to issue subpoenas to the registration companies named above for the true names and billing
2  information of the actual registrants.

**SINGLETON LAW GROUP**

Dated:  December 17, 2007        /s/ Jason K. Singleton
Jason K. Singleton
Richard E. Grabowski
Attorneys for Plaintiff, **ASIS INTERNET SERVICES**