**Subject:** RE: ASIS v Azoogle request for Stipulation
**From:** "Richard Grabowski" <rgrabowski@mckinleyville.net>
**Date:** Fri, 14 Dec 2007 10:50:58 -0800
**To:** "'Hank Burgoyne'" <Hank@kronenbergerlaw.com>
**CC:** "Roberta Alliston" <r_alliston@sbcglobal.net>, "Jason Singleton" <lawgroup@sbcglobal.net>

Hank,

Your question is complicated so I will attempt to answer it in two parts:

1. there is a requirement to keep data for three years, it is unclear if the requirement is to keep the data for inactive domain names, since the text of the requirement only refers to active accounts (see below). This is defined in the original **ICANN REGISTRAR ACCREDITATION AGREEMENT of 1999, you can find the complete document at:**

http://www.icann.org/registrars/ra-agreement-12may99.htm

The ICANN RAA document has been modified at least six times by follow up memos. The original document states:

E. Retention of SLD Holder and Registration Data.

> 1. During the term of this Agreement, Registrar shall maintain its own electronic database containing up-to-date data for the elements listed in Sections III.D.1.a through k, as well as the name, postal address, e-mail address, voice telephone number, and (where available) fax number of the billing contact, for each active SLD registration sponsored by it in the registry for the .com, .net, and .org TLDs.

> 2. During the term of this Agreement and for three years thereafter, Registrar (itself or by its agent) shall maintain the following records relating to its dealings with registry administrators and SLD holders:

>> a. In electronic form, the submission date and time, and the content, of all registration data (including updates) submitted to the registry;

>> b. In electronic, paper, or microfilm form, all written communications constituting registration orders, modifications, or terminations and related correspondence with actual SLD holder-customers or those seeking to become SLD holder-customers, including order templates; and

>> c. In electronic form, records of the accounts of all SLD holder-customers with Registrar, including dates and amounts of all payments and refunds.

> Registrar shall make these records available for inspection by ICANN upon reasonable notice. ICANN shall not disclose such records except as expressly permitted by an ICANN-adopted policy.

This text can obviously be interpreted to only apply to active SLDs, and because of the cost of maintaining this rather complicated data it is likely that it has been interpreted in that manner. Our

experience in attempting to get information of this sort indicates that many of the registration companies interpret the rule as only applying to active SLDs. In addition, each of the Registration companies can point to the Internet Archive as fulfilling this requirement. As I stated in the Motion, the Internet Archive only keeps what is available in the WHOIS database, which will only show that the domain name was registered to a privacy service, not who bought the privacy service. As you can see there is no requirement to share these records with the public, as is the case with active WHOIS information. A check of many non-active domains will show no data at all, even in the Internet Archive.

This interpretation of only applying the requirement to active domain names is supported by the 2005 GAO audit report:

GAO-06-165 False Domain Name Contact Information ( you can find the entire report at: http://www.gao.gov/new.items/d06165.pdf)

The report states at Pg. 19:

"As part of the terms of the RAA, each registrar is to provide a Web-based Whois service that offers free access to contact information on all active registered domain names sponsored by the registrar."

2. SPAMMERS are notorious for using cash accounts when setting up domain names. They make a cash deposit with the registration company and provide false identity information. The only correct information provided is the email id used to correspond with the SPAMMER, while the domains are active. These email ids are short lived and can only be tracked down with very sophisticated technology, generally available through a security firm such as those provided by Posluns and Cohen. These techniques only work when the email id is still active. Therefore time is critical in getting the information from the registration company. The GAO report cited above also provides data concerning the use of false information in registration. A separate report by the FTC entitled:

Effectiveness and Enforcement of the CAN-SPAM Act: A Report to Congress   December 2005

also provides information about the prevalence of false registration information. The complete report can be found at: http://www.ftc.gov/reports/canspam05/051220canspamrpt.pdf

I hope this answers your question. There is no absolute answer to the question, it depends on how the individual registration company has implemented their service and how stringently they enforce the ICANN registration requirements. If you are familiar with the "Registerfly Meltdown", you will know that some companies are much less stringent than they should be.

The GAO has done several audits of the ICANN registration system but, as far as I know has not directly addressed the problem of information retention.

I plan to file the Motion on Monday, so please let me know of any other concerns as soon as possible.

Awaiting your reply,

Richard Grabowski
rgrabowski@Mckinleyville.net

W - 707 441-1487
C - 707 771-9585

**CONFIDENTIALITY NOTICE:**

**This message is intended only for the use of the individual or entity to which it is addressed, and may**

contain information that is privileged, confidential and exempt from disclosure. **If the reader of this message is not the intended recipient or an employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone or email and delete the original message. Receipt of this email by itself does not represent an offer to represent the recipient in any legal matter. Thank you.**

**From:** Hank Burgoyne [mailto:Hank@kronenbergerlaw.com]
**Sent:** Wednesday, December 12, 2007 5:14 PM
**To:** Richard Grabowski
**Subject:** RE: ASIS v Azoogle request for Stipulation

I'm mostly interested in the two paragraphs on p. 2, lines 15-28. Are the statements therein of opinion or fact? If of fact, what's the source? You make some pretty broad generalizations (about the effect of any delay, record keeping, legal requirements, etc.). If you were to file your memorandum, you'd have to provide sources for them. I'm asking you to share those sources now, since not all those generalizations strike me as accurate, and I'd like to know whether they are before responding.

As a general matter, we'd have to think hard about any stipulation. The Court was pretty clear that it wanted the entire matter stayed. And ASIS's behavior in the first case didn't exactly inspire trust in ASIS's ability to responsibly issue subpoenas.

I look forward to your reply, and best,

Hank Burgoyne
**KRONENBERGER BURGOYNE, LLP**
150 Post Street, Suite 520
San Francisco, CA 94108-4707
(415) 955-1155, x-116
(415) 955-1158  Fax
(415) 531-8125 Cell
hank@kronenbergerlaw.com
www.kronenbergerlaw.com

NOTICE: This email may contain material that is privileged, confidential, and/or attorney-client work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express written permission is strictly prohibited. If you are not the intended recipient, please contact the sender at the above number and delete all copies. Inadvertent waiver shall waive no privileges.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein (the foregoing paragraph has been affixed pursuant to U.S. Treasury Regulations governing tax practice).

**From:** Richard Grabowski [mailto:rgrabowski@mckinleyville.net]
**Sent:** Wednesday, December 12, 2007 4:03 PM
**To:** Hank Burgoyne
**Cc:** Jason Singleton; Roberta Alliston
**Subject:** RE: ASIS v Azoogle request for Stipulation

Hank,

I am not sure what you mean by cite to the facts. All of the information is included in the Complaint - examples and all of the whois information for all of the sending domains. I have attached the four examples that are specifically cited in the complaint. Exhibit E to the Complaint contains WHOIS reports for all of the sending domain names, it is also very large so I have not attached it. Exhibit A - D PDF's contain example emails, the

source code for the emails, and the WHOIS reports for the sending domain names. You can verify that the sender is not identifiable by checking the sending email address contained in the email source code against the WHOIS report. As you will see the emails were sent with email accounts registered under privacy and proxy services, For example in Exhibit A the email was sent by GirlsGoneWild@weekendropedust.com , the domain name "weekendropedust.com" is registered to Whois Privacy Protection Service, Inc. They are owned by ENOM. The only way to get ENOM to reveal who actually owns the domain name is through a subpoena.

All we are asking the court to do is allow us to subpoena the registration companies to identify who owns the domain names, and therefore identify who is responsible for sending the emails. This is to your clients advantage as well as ours, since if Azoogle has contracts with them as affiliates then those contracts probably contain indemnification clauses.

Thanks,

Richard Grabowski
rgrabowski@Mckinleyville.net

W - 707 441-1487
C - 707 771-9585

**CONFIDENTIALITY NOTICE:**

**This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone or email and delete the original message. Receipt of this email by itself does not represent an offer to represent the recipient in any legal matter. Thank you.**

**From:** Hank Burgoyne [mailto:Hank@kronenbergerlaw.com]
**Sent:** Wednesday, December 12, 2007 3:35 PM
**To:** Richard Grabowski
**Subject:** RE: ASIS v Azoogle request for Stipulation

Hi Richard,

Will you pls provide some cites for the facts stated in your memorandum? It's awfully hard to gauge the strength of your argument without knowing what, if any, information it's based on.

Probably no need for a call until we receive that information, as we won't be in a position to offer any feedback.

Thanks, and best,

Hank Burgoyne
**KRONENBERGER BURGOYNE, LLP**
150 Post Street, Suite 520
San Francisco, CA 94108-4707
(415) 955-1155, x-116
(415) 955-1158 Fax
(415) 531-8125 Cell

hank@kronenbergerlaw.com
www.kronenbergerlaw.com

NOTICE: This email may contain material that is privileged, confidential, and/or attorney-client work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express written permission is strictly prohibited. If you are not the intended recipient, please contact the sender at the above number and delete all copies. Inadvertent waiver shall waive no privileges.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein (the foregoing paragraph has been affixed pursuant to U.S. Treasury Regulations governing tax practice).

---

**From:** Richard Grabowski [mailto:rgrabowski@mckinleyville.net]
**Sent:** Wednesday, December 12, 2007 3:13 PM
**To:** Hank Burgoyne
**Cc:** Jason Singleton; Roberta Alliston
**Subject:** Re: ASIS v Azoogle request for Stipulation

Hank,

Attached is a rough draft of a motion we are planning to Judge Patel regarding the ASIS v Azoogle matter. This is a first attempt to meet and confer on this issue. We would like to subpoena the domain registration companies in the ASIS v Azoogle case to discover the identities of the actual senders of the emails. Read the draft and let us know if you are agreeable to stipulating or at least not objecting. Identifying the true senders of the emails is in both parties interest, so I hope you will consider this proposal.

I will follow up with a telephone call on Thursday or Friday.

Sincerely,

Richard Grabowski
rgrabowski@Mckinleyville.net

W - 707 441-1487
C - 707 771-9585

## CONFIDENTIALITY NOTICE:

**This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone or email and delete the original message. Receipt of this email by itself does not represent an offer to represent the recipient in any legal matter. Thank you.**