Jason K. Singleton, State Bar #166170
jason@singletonlawgroup.com
Richard E. Grabowski, State Bar # 236207
rgrabowski@mckinleyville.net
SINGLETON LAW GROUP
611 "L" Street, Suite A
Eureka, CA 95501
(707) 441-1177
 Fax: 441-1533

Attorney for Plaintiff, ASIS INTERNET SERVICES

KRONENBERGER BURGOYNE, LLP
Henry M. Burgoyne, III (CA Bar No. 203748)
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
Deepa Krishnan (CA Bar No. 228664)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Defendant, AZOOGLEADS.COM, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation,<br><br>          Plaintiff,<br>vs.<br><br>AZOOGLE.COM, INC., a Delaware Corporation dba AZOOGLEADS US, INC., a Delaware Corporation, and DOES ONE through FIFTY, inclusive,<br><br>          Defendants. | Case No.   C-07-04630 MHP<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>DATE: May 19, 2008<br>TIME:   4:00 p.m.<br>CTRM:  15, 18th Floor |

The parties to the above-entitled action jointly submit this Case Management Statement.

**1.** <u>Jurisdiction and Service</u>: The basis for the Court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be


served, a proposed deadline for service.

The parties do not dispute subject matter jurisdiction, personal jurisdiction, or venue, except to the extent those issues were raised or preserved in the parties' pleadings. All parties have been served.

**2.** <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

Plaintiff claims it is an Internet Access Provider and accuses Defendants of violating the CAN SPAM Act of 2003 and California Business and Professions Code §17529.5 from October 25, 2005, through August 14, 2007. Plaintiff's complaint is for injunctive relief and damages per the applicable statutes.

<u>**Azoogle's Statement**</u>:

AzoogleAds.com, Inc. ("Azoogle") acts as a conduit through which "lead providers" channel qualified marketing leads to end merchants of goods and services. Azoogle has never sent unsolicited commercial email, and its agreements with its lead providers prohibit them from passing through Azoogle leads solicited other than by lawful means. Azoogle routinely enforces these agreements through a variety of aggressive methods. As a result of Azoogle's vigilance, it is highly respected in the industry, including by some of the email marketing industry's most vocal critics.

On December 12, 2005 Plaintiff ASIS Internet Services ("ASIS") filed a complaint in the related litigation, Case No. C-05-5124 (the "2005 Case"), against 13 defendants, which at the time, did not include Azoogle. ASIS alleged that all of the defendants had conspired to send in excess of 10,000 emails to ASIS's servers in violation of the Federal CAN-SPAM Act and California Business and Professions Code §17529.5. On July 14, 2006, ASIS amended its complaint in the 2005 Case to add Azoogle, alleging that Plaintiff alleged that Azoogle had conspired with the other defendants to send the alleged emails. ASIS consented

to have Magistrate Judge Joseph C. Spero preside over the 2005 Case for all purposes.

By early 2007, ASIS had settled with each defendant named in the 2005 Case except for Azoogle and Defendant Leads Limited. In the summer of 2007, Plaintiff sought to supplement its complaint in the 2005 Case to include additional emails it had purportedly received during the pendency of the 2005 Case. On August 9, 2007, Judge Spero denied Plaintiff's motion to supplement its complaint.

Following Judge Spero's denial of ASIS's motion to supplement, ASIS filed its complaint in the above-captioned litigation along with a notice of related case. Once the cases were deemed related, ASIS declined to allow Magistrate Judge Spero to preside over the above-captioned case for all purposes, and accordingly, both of the cases were reassigned to the Honorable Marilyn H. Patel. Judge Patel subsequently questioned ASIS's motive in refusing to consent to Judge Spero for the above-captioned case. As such, Judge Patel sent the 2005 Case back to Judge Spero and stayed the above-captioned case pending the resolution of the 2005 Case.

On March 27, 2008 Judge Spero granted Azoogle's motion for summary judgment in the 2005 Case as to all issues, dismissing all of ASIS's claims. Specifically, Judge Spero found that: 1) ASIS did not have standing to bring a claim under CAN-SPAM because it had not proffered any evidence that it had been adversely affected by the alleged emails, 2) ASIS had not proffered any evidence indicating that Azoogle had sent or procured the alleged emails, and 3) Azoogle had not advertised in the alleged emails within the meaning of Cal. Bus. & Prof. C. §17529.5. The parties have submitted a copy of Judge Spero's order with their April 30, 2008 stipulation requesting the Court to lift the temporary stay.

**3.**     Legal Issues: A brief statement, without extended legal argument, of the disputed points

of law, including reference to specific statutes and decisions.

**Azoogle's Statement:**

- **Whether Judge Spero's order granting Azoogle summary judgment in the 2005 Case collaterally estops Plaintiff from bringing this case: To wit, does Judge Spero's order conclusively establish that ASIS does not have standing to bring this claim?**
- **Whether Plaintiff has adequately pleaded—and can establish—that it has been adversely affected by the alleged emails, under 15 U.S.C. §7701, *et. seq.***
- **Whether Plaintiff has adequately pleaded—and can establish—that Azoogle procured the origination or transmission of each of the alleged emails in question, under 15 U.S.C. §7701, *et. seq.***
- **Whether Plaintiff has adequately pleaded—and can establish—that Azoogle intentionally paid or provided other consideration to, or induced, another person to initiate the alleged emails, under 15 U.S.C. §7701, *et. seq.***
- **Whether Plaintiff has adequately pleaded—and can establish—that Azoogle procured the alleged emails with knowledge or consciously avoiding knowing whether such person is engaging or will engage in a pattern or practice that violates the CAN-SPAM Act, under 15 U.S.C. §7701, *et. seq.***
- **Whether Plaintiff can establish that each of the alleged emails was unsolicited by the intended email recipient.**
- **Whether an email sent from a domain name registered using a privacy service contains false or materially misleading information by virtue of that fact alone, under 15 U.S.C. §7701, *et. seq.*, and if so, whether such a determination violates the First Amendment of the United States Constitution.**
- **Whether CAN-SPAM preempts California Business and Professions Code §17529.5.**
- **Whether the alleged emails constitute commercial email advertisements under California Business and Professions Code §17529.5.**

- **Whether Azoogle advertised in the alleged emails under California Business and Professions Code §17529.5.**
- **Whether the alleged emails contained falsified, misrepresented, or forged header information California Business and Professions Code §17529.5.**
- **Whether ASIS's causes of action are barred by the doctrines of unclean hands and/or consent when ASIS gained unlawful access to its former customers' email for the purpose of bringing this lawsuit.**
- **Whether Plaintiff and Plaintiff's counsel have violated Rule 11 of the Federal Rules of Civil Procedure by signing and filing the complaint, with the allegations contained therein.**

**4.** <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

**There are no prior or pending motions before the Court at this time.**

**<u>Azoogle's Statement:</u>**

**Azoogle anticipates bringing the following motions:**

1. **Motion for security in the form of requiring ASIS to post a bond to cover Azoogle's expected attorneys' fees, pursuant to 15 U.S.C. §7706(g)(4);**
2. **A motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), and to the extent that is not successful, a motion for summary judgment. Azoogle requests the Court's indulgence for Azoogle to file such a motion on an expedited basis as relates to the question of whether ASIS was "adversely affected by" the alleged violations, as required under 15 U.S.C. §7706(g). Most, if not all of the facts as to this discrete issue have already been discovered or are in ASIS's exclusive control. Moreover, Azoogle submits that this issue has already been conclusively decided by Judge Spero in the 2005 Case.**
3. **Motion for Rule 11 sanctions based on the unsubstantiated allegations in Plaintiff's complaint.**

    4. Motion for sanctions for vexatiously multiplying litigation, pursuant to 28 U.S.C. §1927.

    5. Motion for attorneys' fees pursuant to 15 U.S.C. §7706.

**5.** <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

**Plaintiff is informed and believes that AZOOGLE.COM, INC., a Delaware corporation, is the parent company of AZOOGLEADS US, INC., a Delaware corporation; that both corporations have materially the same officers, directors, and/or management and therefore named AZOOGLE.COM, INC., dba AZOOGLEADS US, INC. as the Defendant. Plaintiff will amend the complaint to name AZOOGLEADS US, INC., as a separate Defendant if evidence is presented to make this necessary to include both corporations.**

**<u>Azoogle's Statement</u>:**

**Azoogle does not anticipate amending its pleading at this time.**

**6.** <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

**To the best of Plaintiff's knowledge, Plaintiff has fully complied with the evidence preservation requirements.**

**<u>Azoogle's Statement</u>:**

**Based on Azoogle's defense of the 2005 Case, Azoogle has serious concerns about the efforts undertaken by ASIS to preserve relevant documents. Azoogle requests that the Court issue a preservation order requiring ASIS and its agents to preserve all electronic documents that may prove relevant to any claim or defense in this case.**

**7.**   <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

**Any Initial Disclosures not already made will be made within 14 days of the Case Management Conference.**

**8.**   <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

**Plaintiff believes that this matter requires an extended discovery period.**

**<u>Azoogle Statement</u>:**

**The parties have agreed that discovery will comply with the Federal Rules of Civil Procedure and agree that there should be no need at this time to impose additional limitations on the subject matter or timing of discovery in this case. The parties have further agreed that the format of disclosure or discovery of electronic documents should comply with the Federal Rules of Civil Procedure.**

**The parties agree that disclosure and discovery in this case will likely involve production of confidential, proprietary or private information for which special protection from public disclosure is warranted. The parties intend to submit a Stipulated Protective Order to the Court for its approval.**

**Azoogle has serious concerns about ASIS's adherence to its obligations to preserve and produce relevant electronic documents, based on Azoogle's experience in the 2005.**

**9.**   <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.
**N/A**

**10.**   <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**Case No. C-07-04630 MHP is related to C-05-5124 MHP and was filed after the Court denied Plaintiff's request to supplement the Second Amended Complaint in the 2005 Case. The Honorable Joseph C. Spero has now dismissed**

**all of ASIS's claims in the 2005 Case.**

**11.** <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

**Plaintiff is seeking statutory damages for violations of the Can Spam Act as follows:**

> 1. For statutory damages of up to $100.00 for each violation of 15 U.S.C. §7704(a)(1) in the sum of $129,600;
>
> 2. For aggravated damages under 15 U.S.C. §7706(g)(1)(C) of up to three times the amount above for these violations committed by the defendants' violations of 15 U.S.C. §7704(b) in the sum of $388,800;
>
> 3. For a preliminary and permanent injunction preventing the defendants and all persons acting in concert with them from the violation of the Can-Spam Act of 2003;
>
> 4. For liquidated damages of $1,000.00 for each violation of California Business and Professions Code § 17529.5(a) in the sum of $1,296,000;

<u>Azoogle's Statement</u>:

Azoogle seeks judgment in its favor and further that the Court order Plaintiff to pay Azoogle's costs and attorneys' fees pursuant to 15 U.S.C. §7706, along with other monetary sanctions the Court sees fit, pursuant to Rule 11 and 28 U.S.C. §1927.

**12.** <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

The parties consent to Alternative Dispute Resolution and requests this

**matter be referred to mediation.**

13. <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**Plaintiff does not consent to the assignment to a Magistrate Judge.**

14. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**No.**

15. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

**UNKNOWN PRIOR TO DISCOVERY.**

**<u>Azoogle's Statement</u>:**

**As discussed above, Judge Spero previously ruled in the 2005 Case that ASIS had no standing to bring its CAN-SPAM claims, and accordingly, dismissed all of ASIS's claims in the 2005 Case. Azoogle submits that Judge Spero's decision is preclusive of ASIS's lack of standing in this case, and that this dispositive issue can be addressed by the Court immediately.**

16. <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

**No.**

17. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

**(According to Federal Rules of Civil Procedure and Local Rules, subject to any provisions below) Plaintiff requests extended discovery time due to the complexity of this matter.**

| | |
|---|---|
| **Non-Expert Discovery Cut-off:** | **February 23, 2009** |
| **Dispositive Motions - Last Day for Hearing:** | **March 23, 2009** |
| **Designation of Experts:** | **April 22, 2009** |

|   |   |
|---|---|
| **Rebuttal:** | **May 22, 2009** |
| **Expert Discovery Cut-off:** | **June 22, 2009** |
| **Pretrial Conference:** | **June 30, 2009** |

**Azoogle does not believe that the factual issues in this case are nearly as complicated as Plaintiff maintains, and sees no reason to deviate from standard scheduling procedures.**

**18.**  Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

**The parties** expect the trial will last for the following number of days:   **5**

**19.**  Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**Plaintiff is a corporation and has no parent or subsidiaries that have any kind of interest in its operation.**

**Azoogle certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:**

**As of this date, other than the named parties, there is no such interest to report.**

**20.**   Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

<div align="center">**SINGLETON LAW GROUP**</div>

Dated:     May 7, 2008                 /s/ Jason K. Singleton
                                       Jason K. Singleton, Attorney for Plaintiff,
                                       ASIS INTERNET SERVICES

<div align="center">**KRONENBERGER BURGOYNE, LLP**</div>

Dated:     May 7, 2008                 /s/ Jeffrey M Rosenfeld
                                       Jeffrey M. Rosenfeld, Attorneys for
                                       Defendants, AZOOGLE.COM, INC., and
                                       AZOOGLEADS US, INC., dba
                                       AZOOGLEADS.COM