1  TITLE, BUSINESS **ADDRESS**, TELEPHONE NUMBER of the entity or individual, and the
2  relationship to **AZOOGLEADS.COM**.
3  **RESPONSE:**
4
5  **INTERROGATORY NO. 19:**
6  What manager or individual is responsible for the creation and maintenance of **OPT-IN** lists
7  used by **DEFENDANT AZOOGLEADS.COM** or their **AFFILIATES**? Please provide the name,
8  title, business **ADDRESS** and telephone number of the manager or individual.
9  **RESPONSE:**
10
11  **INTERROGATORY NO. 20:**
12  Until April of 2006 **DEFENDANT AZOOGLEADS.COM** was on the SPAMHAUS ROKSO list.
13  Why was **DEFENDANT AZOOGLEADS.COM** on the SPAMHAUS ROKSO list? Pleas provide
14  the name of any employee of **DEFENDANT AZOOGLEADS.COM** who was involved in
15  providing information to SPAMHAUS or corresponding with SPAMHAUS during the **INCIDENT**
16  **PERIOD**.
17
18  **RESPONSE:**
19
20                          **DUTY TO SUPPLEMENT**
21      Please be advised that you are requested to supplement you answers to the foregoing
22  admission requests and interrogatories as and when required by *F.R.C.P.* 26 which is hereby
23  incorporated herein by reference.
24
25                                          **SINGLETON LAW GROUP**
26  Dated:      January 23, 2007              *[signature]*
27                                          Richard E. Grabowski,
                                            Jason K. Singleton, Attorneys for Plaintiff,
28                                          **ASIS INTERNET SERVICES**

---

SPECIAL INTERROGATORIES-Azoogle        11              C-05-5124 JCS

## PROOF OF SERVICE

I declare that I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is, Singleton Law Group, 611 "L" Street, Suite "A", Eureka, CA 95501.

On January 23, 2007, I served the following document:

**PLAINTIFF'S SPECIAL INTERROGATORIES TO AZOOGLEADS.COM, INC., SET ONE**

on the parties listed below as follows:

SEE ATTACHED SERVICE LIST

☐ **By facsimile machine** (FAX) by personally transmitting a true copy thereof via an electronic facsimile machine to #

☑ **By first class mail** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid and placing the envelope in the firm's daily mail processing center for mailing in the United States mail at Eureka, California.

☐ **By personal service** by causing to by personally delivered a true copy thereof to the address(es) listed herein at the location listed herein.

☐ **By Federal Express, UPS,** or overnight mail

☐ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☑ **(Federal)** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 23, 2007, at Eureka, California.

*Roberta Alliston*
Roberta Alliston

1

ASIS v OPTIN GLOBAL SERVICE LIST

James Snell
BINGHAM McCUTCHEN LLP
1900 University Avenue
East Palo Alto, CA 94303-2223
(650) 849-4400

QUICKEN LOANS, INC.

John Chu
CORPORATE COUNSEL LAW GROUP, LLP
505 Sansome Street, Suite 475
San Francisco, CA 94111
(415) 788-4315

OPTIN GLOBAL, VISION MEDIA, RICK YANG, PEONIE PUI TING CHEN

William Schuster
ALLIE & SCHUSTER, P.C.
2122 N. Broadway
Santa Ana, CA 92706-2614
(714) 558-8899

STATESIDE MORTGAGE, INC.
BRUCE LERNER

Henry M. Burgoyne, III
KRONENBERGER BURGOYNE LLP
150 Post Street, Suite 520
San Francisco, CA 94108
(415) 955-1155

AZOOGLEADS.COM, INC.

1  Jason K. Singleton, State Bar #166170
   lawgroup@sbcglobal.net
2  Richard E. Grabowski, State Bar #236207
   rgrabows@pacbell.net
3  SINGLETON LAW GROUP
   611 "L" Street, Suite A
4  Eureka, CA 95501

5  (707) 441-1177
   FAX 441-1533

6
   Attorneys for Plaintiff, ASIS Internet Services
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10  ASIS INTERNET SERVICES, a California        )    Case No. C-05-5124 JCS
    corporation,                                )
11                                              )
                                                )
12         Plaintiff,                           )    PLAINTIFF'S SPECIAL
    vs.                                         )    INTERROGATORIES TO
13                                              )    AZOOGLEADS.COM, INC., SET TWO
                                                )
14  OPTIN GLOBAL, INC., a Delaware              )
    Corporation, et al.,                        )    F.R.C.P., Rule 33
15                                              )
                                                )
           Defendants.                          )
16

17  PROPOUNDING PARTY  :    PLAINTIFF, ASIS INTERNET SERVICES

18  RESPONDING PARTY   :    DEFENDANT AZOOGLEADS.COM, INC.

19  SET NUMBER         :    TWO

20  TO:   DEFENDANT AZOOGLEADS.COM, INC., and ITS ATTORNEY OF RECORD:

21         YOU ARE HEREBY NOTIFIED that pursuant to the requirements of F.R.C.P., Rule 26,

22  33, and 36 Plaintiff ASIS INTERNET SERVICES requests that within thirty (30) days after

23  service upon them, DEFENDANT serve upon Plaintiff answers under oath to the below

24  interrogatories. In responding to these interrogatories, the following definitions and instructions

25  shall apply:

26                         I. INSTRUCTIONS

27         1.    This request for Special Interrogatories is of an ongoing nature and, should you

28  acquire additional information responsive to these Special Interrogatories, the answers shall be

SPECIAL INTERROGATORIES-SET TWO                1                          C-05-5124 JCS

updated to provide the additional information.

2.  If privilege not to answer is claimed as to a document, specify the privilege relied upon and include the date, title, description, subject and purpose of the document; the name and position of the author and addresses of the other recipients. If privilege not to answer is asserted as to a communication, specify the date, place, subject and purpose of the communication and the names and positions of all persons present.

3.  If a refusal to answer an interrogatory is stated on the grounds of burdensome, identify the number and nature of documents or computer records, and the estimated number of person hours and costs required to conduct the search.

4.  If any interrogatory cannot be answered in full, answer to the extent possible and specify reasons for the inability to answer in full.

5.  If you object to any part of any interrogatory, but other parts are unobjectionable, you must respond in full to the parts to which you do not object. For the part which you find objectionable, identify all bases for you objection and the person or persons on whose behalf the objections is interposed.

## II. DEFINITIONS

The words in **BOLDFACE** within the requests below are defined as follows:

(1) **YOU** and **YOUR** as used herein refers to Defendant: **AZOOGLEADS.COM, INC.;** and your officers, directors, managers, employees, agents, and assigns.

(2) **YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your alter egos, your employees, your agents, your assigns, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(3) **DEFENDANT AZOOGLEADS.COM** refers to **DEFENDANT AZOOGLEADS.COM, INC., and DOES THREE through FIFTY, inclusive,** and for each of them, their officers, directors, mangers, employees, agents, and assigns.

(4) **INCIDENT** includes the circumstances and events surrounding the alleged incident, injury, or other occurrence giving rise to the action, i.e., Plaintiff's receipt of

1    DEFENDANTS' EMAILS, as alleged in the complaint.

2  (5)   PERSON includes a natural person, firm, association, organization, partnership,

3    business, trust, corporation, or public entity.

4  (6)   ADDRESS means the street ADDRESS, including the city, state, and zip code.

5  (7)   DIRECTOR means a natural person designated in the articles as such or elected by the

6    incorporators and natural persons designated, elected or appointed by any other name

7    or title to act as directors, and their successors as defined in California Corporations

8    Code § 164.

9  (8)   OFFICER means a chairman of the board, a president, a secretary, a chief financial

10    officer and any such other officers with such titles and duties as shall be stated in the

11    bylaws or determined by the board and as may be necessary to enable the corporation

12    to sign instruments and share certificates as defined in California Corporations Code

13    § 312.

14  (9)   AFFILIATE is a natural person, firm, association, organization, partnership, business,

15    trust, corporation, or public entity who has been hired, employed, contracted,

16    purchased, or licensed to send EMAILS on DEFENDANTS' behalf, or to acquire client

17    profiles, sales leads, sales, contracts, or agreements on DEFENDANTS' behalf.

18    AFFILIATES are also defined as persons hired, employed, contracted, purchased, or

19    licensed to make sales directly or indirectly for DEFENDANTS. AFFILIATES are also

20    email list providers and/or providers either of software or services to send bulk email to

21    lists provided by them or others. DEFENDANTS may be in a like relationship with other

22    entities as their AFFILIATES, that is DEFENDANTS were hired by COMPANY X to

23    send EMAILS on their behalf.

24  (10)   EMAIL is an electronic mail message as defined in 15 USC § 7702(6).

25  (11)   EMAIL ADDRESS is an electronic mail address as defined in 15 USC § 7702(5).

26  (12)   DOMAIN NAME or DOMAIN is any alphanumeric designation which is registered with

27    or assigned by any DOMAIN NAME registrar, DOMAIN NAME registry, or other

28    DOMAIN NAME registration authority as part of an electronic address on the Internet,

SPECIAL INTERROGATORIES-SET TWO                3                C-05-5124 JCS

1    as defined in 15 **USC** § 7702(4).

2 (13) **COMMERCIAL ELECTRONIC MAIL MESSAGE** is any electronic mail message the

3      primary purpose of which is the commercial advertisement or promotion of a

4      commercial product or service (including content on an Internet website operated for a

5      commercial purpose), as defined in 15 **USC** § 7702(2)(A).

6 (14) **SEND, SENT** or **INITIATE** when used with respect to a commercial electronic mail

7      message, means to originate or transmit such message or to procure the origination or

8      transmission of such message, but shall not include actions that constitute routine

9      conveyance of such message, as defined in 15 **USC** §7702(9). For purposes of this

10      definition, more than one person may be considered to have initiated a message.

11 (15) **HEADER** or **HEADER INFORMATION** means the source, destination, and routing

12      information attached to an electronic mail message, including the originating **DOMAIN**

13      **NAME** and originating electronic mail address, and any other information that appears

14      in the line identifying, or purporting to identify, a person initiating the message.

15 (16) **PROTECTED COMPUTER** is a computer that is used in interstate or foreign commerce

16      or communication, including a computer located outside the United States that is used

17      in a manner that affects interstate or foreign commerce or communication of the United

18      States, as defined in 15 **USC** § 7702(13) and 18 **USC** § 1030(e)(2)(B).

19 (17) **RECIPIENT,** when used with respect to a commercial electronic mail message, means

20      an authorized user of the electronic mail address to which the message was **SENT** or

21      delivered, as defined in 15 **USC** § 7702(14).  If a recipient of a commercial electronic

22      mail message has one or more electronic mail addresses in addition to the address to

23      which the message was **SENT** or delivered, the recipient shall be treated as a separate

24      recipient with respect to each such address.

25 (18) **AFFIRMATIVE CONSENT** or **OPT-IN,** when used with respect to a commercial

26      electronic mail message, means (as defined in 15 **USC** § 7702(1)) that:

27      (A)    the recipient expressly consented to receive the message, either in

28          response to a clear and conspicuous request for such consent or at the

1    recipient's own initiative; and

2    (B)    if the message is from a party other than the party to which the recipient

3    communicated such consent, the recipient was given clear and

4    conspicuous notice at the time the consent was communicated that the

5    recipient's electronic mail address could be transferred to such other party

6    for the purpose of initiating **COMMERCIAL ELECTRONIC MAIL**

7    **MESSAGES**.

8    (19)   **AFFIRMATIVE CONSENT** or **OPT-IN,** when used with respect to a commercial

9    electronic mail advertisement, means (as defined in **California Business and**

10   **Professions Code** § 17529.1(d) and (o)): that the recipient has expressly consented to

11   receive e-mail advertisements from the advertiser, either in response to a clear and

12   conspicuous request for the consent or at the recipient's own initiative; or the intended

13   recipient has a preexisting or current business relationship, as defined in subdivision

14   **California Business and Professions Code** § 17529.1(l), with the advertiser

15   promoting the lease, sale, rental, gift offer, or other disposition of any property, goods,

16   services, or extension of credit.

17   (20)   **DECEPTIVE SUBJECT HEADING** or **DECEPTIVE SUBJECT LINE,** as relates to a

18   commercial electronic mail message, is a subject heading of the electronic mail

19   message that would be likely to mislead a recipient, acting reasonably under the

20   circumstances, about a material fact regarding the contents or subject matter of the

21   message (consistent with the criteria used in 15 *USC* § 45), as defined in 15 *USC*

22   §7704(a)(2), with the intent of inducing the recipient to open the message, as described

23   in 15 *USC* § 7701(a)(8).  (Also see **California Business and Professions Code** §

24   17529.5(a)(3)).

25   (21)   **SUBMIT BUTTON, EMAIL IMAGE,** or **EMAIL URL** refer to any image, word, set of

26   words, or fixtures in an email, that when the recipient activates by clicking, either send a

27   message or signal to another computer and/or open a web browser containing an

28   internet web site or Internet pop-up window.

1   (22)  **SENDER,** when used with respect to a commercial electronic mail message, means a

2         person who initiates or shires another to imitate such a message and whose product,

3         service, or Internet web site is advertised or promoted by the message, as defined in 15

4         *USC* § 7702(16)(A).

5   (23)  **FROM NAME** represents the information provided by the **SENDER** as the source of the

6         m**EMAIL** in the **EMAIL HEADER** and appears in the "From:" portion of the **EMAIL**

7         **HEADER.**

8   (24)  **DIRECTED WEB SITE** refers to any internet web site an email recipient is linked to by a

9         URL or other type link contained within an email.

10  (25)  **INCIDENT PERIOD** refers to the period from August 1, 2005 to present.

11  (26)  **LEAD GENERATORS** refers to companies who hire third parties, usually called

12        **AFFILIATES,** to generate consumer sales leads or consumer profiles and who then

13        resell or deliver those sales leads under contract to product and service companies.

14  (27)  **URL** refers to **U**niform **R**esource **L**ocator, the global address of documents and other

15        resources on the World Wide Web.  The first part of the address indicates what protocol

16        to use, and the second part specifies the **IP ADDRESS** or the **DOMAIN NAME** where

17        the resource is located.

18  (28)  **MORTGAGE BROKERS** refers to: real estate agents or agencies; banks; mortgage

19        companies; loan brokers; or other lending institutions or lending agents named in this

20        suit.

21                          **III. INTERROGATORIES**

22        The following interrogatories should be answered fully, separate, in writing, and under

23  oath, in accordance with and subject to the provisions of *F.R.C.P.* 33, which are hereby

24  incorporated herein by reference:

25        The following Special Interrogatories are propounded to **YOU** regarding the **INCIDENT**

26  defined as follows:

27        **INCIDENT** includes the circumstances and events surrounding the alleged
          **INCIDENT**, injury, or other occurrence giving rise to the action, i.e., Plaintiff's
28        receipt of **DEFENDANTS' EMAILS**, as alleged in the complaint.  Plaintiff's

**PROTECTED COMPUTER** can be identified as the email server for **DOMAIN** "asis.com"

**INTERROGATORY NO. 21:**

In Defendant's untimely responses to Plaintiff's Request for Admissions Nos. 19, 23, 40, 41, 42, and 43, Defendant relies on the statement: "*After reasonable inquiry*" to support its untimely responses.  Please provide the name, address, telephone number, title, and the identity of the employer of each person or persons conducting those reasonable inquiries.

**RESPONSE:**

**INTERROGATORY NO. 22:**

In Defendant's untimely responses to Plaintiff's Request for Admissions Nos. 23, 32, 33, and 34, Defendant relies on the statement: "*Furthermore, since before the wrongdoing alleged in the SAC, Azoogle has enforced a policy resulting in the termination of Lead Providers determined by Azoogle to have violated their contracts with Azoogle*" to support its untimely responses.  Please provide the name, address, telephone number, title, and the identity of the employer of each person or persons who made the determination to terminate Lead Providers and/or the person or persons responsible for enforcing Azoogle's policy.

**RESPONSE:**

**INTERROGATORY NO. 23:**

In Defendant's untimely responses to Plaintiff's Request for Admissions Nos. 23, 32, 33, and 34, Defendant relies on the statement: "*Furthermore, since before the wrongdoing alleged in the SAC, Azoogle has enforced a policy resulting in the termination of Lead Providers determined by Azoogle to have violated their contracts with Azoogle*" to support its untimely responses.  Please provide the name, address, and telephone number of each Lead Provider referred to as terminated in Defendant's untimely response.

**RESPONSE:**

**DUTY TO SUPPLEMENT**

Please be advised that you are requested to supplement you answers to the foregoing interrogatories as and when required by *F.R.C.P.* 26 which is hereby incorporated herein by reference.

**SINGLETON LAW GROUP**

Dated: April 2, 2007

*[signature]*

Richard E. Grabowski,
Jason K. Singleton, Attorneys for Plaintiff,
**ASIS INTERNET SERVICES**

# PROOF OF SERVICE

I declare that I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is, Singleton Law Group, 611 "L" Street, Suite "A", Eureka, CA 95501.

On April 2, 2007, I served the following document:

**PLAINTIFF'S SPECIAL INTERROGATORIES TO AZOOGLEADS.COM, INC., SET TWO**

on the parties listed below as follows:

**AZOOGLEADS.COM, INC.**
Henry M. Burgoyne, III
**KRONENBERGER BURGOYNE LLP**
150 Post Street, Suite 520
San Francisco, CA 94108

☐ **By facsimile machine** (FAX) by personally transmitting a true copy thereof via an electronic facsimile machine to #

☑ **By first class mail** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid and placing the envelope in the firm's daily mail processing center for mailing in the United States mail at Eureka, California.

☐ **By personal service** by causing to by personally delivered a true copy thereof to the address(es) listed herein at the location listed herein.

☐ **By Federal Express, UPS,** or overnight mail

☐ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☑ **(Federal)** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 2, 2007, at Eureka, California.

_____
Roberta Alliston

1