Jason K. Singleton, State Bar #166170
lawgroup@sbcglobal.net
Richard E. Grabowski, State Bar #236207
rgrabows@pacbell.net
SINGLETON LAW GROUP
611 "L" Street, Suite A
Eureka, CA 95501

(707) 441-1177
FAX  441-1533

Attorneys for Plaintiff, ASIS Internet Services

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation,<br><br>    Plaintiff,<br>vs.<br><br>OPTIN GLOBAL, INC., a Delaware Corporation, et al.,<br><br>    Defendants. | Case No.  C-05-5124 JCS<br><br>**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS, SET TWO; and REQUEST FOR LOG OF LOST OR DESTROYED DOCUMENTS AND FOR DOCUMENTS SUBJECT TO CLAIMS OF PRIVILEGE TO AZOOGLEADS.COM, INC., SET TWO**<br><br>*F.R.C.P.*, Rule 34 |

PROPOUNDING PARTY  :    PLAINTIFF, ASIS INTERNET SERVICES

RESPONDING PARTY    :    DEFENDANT AZOOGLEADS.COM, INC.

SET NUMBER            :    TWO

TO:  DEFENDANT AZOOGLEADS.COM, INC., and ITS ATTORNEY OF RECORD:

    Pursuant to *FRCP* Rule 34, Plaintiff **ASIS INTERNET SERVICES** requests that **DEFENDANT AZOOGLEADS.COM, INC.** produce for inspection and copying on **May 7, 2007**, at 10:00 a.m., at the Law Offices of the Singleton Law Group, 611 "L" Street, Suite A, Eureka, California, the documents described below that are in Defendant's actual or constructive possession.  The documents to be produced shall be originals or shall be true and correct copies of originals and verified as such under oath.  Receipt of copies <u>attached to a pleading response</u> signed by Defendant or its attorneys prior to or on the due date by mail, together with a reasonable statement of charges for photocopying them, will be treated as full compliance

with this demand, only if responding party provides Plaintiff with an estimate of the amount of charges and, if such estimate exceeds $250.00, also provides Plaintiff's counsel with a reasonable opportunity to inspect and copy the originals of said documents in lieu of receiving full copying from responding party.  In responding to the Request for Production of Documents, the following definitions, instructions and document-log requests shall apply:

## I. INSTRUCTIONS

1.    If you claim any documents are privileged from publication, inspection or copying, please identify the documents with sufficient particularity to enable Propounding Party and the Court to consider any privilege issue (identifying the document as to its date, type of document, length of document, subject matter of the document, author and identity of all persons to whom it was sent or received the document at any time), please identify the privilege or doctrine which you may claim; and please state the complete basis for claiming the privilege or doctrine as to each document.

2.    Propounding Party also requests that you produce documents as they are kept in the usual course of business, together with all files in which produced documents are kept in the usual course of business, or that you organize and label the produced documents that correspond with the subject categories listed in this request.

3.    These requests are continuing in nature such that if you subsequently locate any documents that are responsive to these requests, you are required to produce the same.

## II. DEFINITIONS

The words in **BOLDFACE** within the requests below are defined as follows:

(1)    **ANY AND ALL**.  The term "all" shall mean "any" and vice versa.

(2)    **COMMUNICATION**. The term "Communication" shall mean any transmission of information, any information transmitted, and any process by which information is transmitted and shall include written communications and oral communications.

(3)    **DOCUMENTS**.  The term "Document" or "Documents" shall mean all written, printed, typed, recorded, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, now or

formerly in the possession, custody or control of **DEFENDANTS** or their attorneys or agents, including but not limited to, letters, correspondence, telegrams, telexes, memoranda, records, minutes, contracts, agreements, intra- and interoffice communications, microfilm, bulletins, circulars, pamphlets, studies, reports, notices, diaries, calendar entries, summaries, books, messages, instructions, work assignments, approval notes, notes, write-ups, notebooks, graphs, data sheets, data compilations, computer data compilations and computer runs, worksheets, statistics, speeches, tapes, tape recordings, press releases, public statements and public announcements, public and governmental filings, financial statements, opinions and other writings and other magnetic, photographic, electronic and sound recordings. **DOCUMENT** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

(4)    **DOCUMENT** includes, but is not limited to, all articles and items referred to in *Federal Rules of Evidence*, Rule 1001, which states:

(a)    **Writings and recordings.** "Writings" and "recordings" consist of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, mechanical or electronic recording, or other form of date manipulation.

(b)    **Copies and Duplicates**  are hereby incorporated into the term **DOCUMENTS**. **YOU** must produce *in toto* all **DOCUMENTS** responsive to the requests for production and **YOU** must include all **COPIES AND DUPLICATES** which are not identical to the original. As used herein, the terms **COPIES AND DUPLICATES** are defined as a counterpart produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques which accurately reproduces the original.

(5)    **YOU** and **YOUR** as used herein refers to Defendants: **AZOOGLEADS.COM, INC.;** and your officers, directors, managers, employees, agents, and assigns.

(6) **YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your alter egos, your employees, your agents, your assigns, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(7) **DEFENDANT AZOOGLE** refers to **AZOOGLEADS.COM, INC., and DOES THREE through FIFTY, inclusive,** and for each of them, their officers, directors, mangers, employees, agents, and assigns.

(8) **INCIDENT** includes the circumstances and events surrounding the alleged incident, injury, or other occurrence giving rise to the action, i.e., Plaintiff's receipt of **DEFENDANTS' EMAILS**, as alleged in the complaint.

(9) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

(10) **ADDRESS** means the street **ADDRESS**, including the city, state, and zip code.

(11) **DIRECTOR** means a natural person designated in the articles as such or elected by the incorporators and natural persons designated, elected or appointed by any other name or title to act as directors, and their successors as defined in **California Corporations Code** § 164.

(12) **OFFICER** means a chairman of the board, a president, a secretary, a chief financial officer and any such other officers with such titles and duties as shall be stated in the bylaws or determined by the board and as may be necessary to enable the corporation to sign instruments and share certificates as defined in **California Corporations Code** § 312.

(13) **AFFILIATE** is a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity who has been hired, employed, contracted, purchased, or licensed to send **EMAILS** on **DEFENDANTS'** behalf, or to acquire client profiles, sales leads, sales, contracts, or agreements on **DEFENDANTS'** behalf. **AFFILIATES** are also defined as persons hired, employed, contracted, purchased, or licensed to make sales directly or indirectly for **DEFENDANTS**. **AFFILIATES** are also

email list providers and/or providers either of software or services to send bulk email to lists provided by them or others. **DEFENDANTS** may be in a like relationship with other entities as their **AFFILIATES,** that is **DEFENDANTS** were hired by COMPANY X to send **EMAILS** on their behalf.

(14)  **EMAIL** is an electronic mail message as defined in 15 ***USC*** § 7702(6).

(15)  **EMAIL ADDRESS** is an electronic mail address as defined in 15 ***USC*** § 7702(5).

(16)  **DOMAIN NAME** or **DOMAIN** is any alphanumeric designation which is registered with or assigned by any **DOMAIN NAME** registrar, **DOMAIN NAME** registry, or other **DOMAIN NAME** registration authority as part of an electronic address on the Internet, as defined in 15 ***USC*** § 7702(4).

(17)  **COMMERCIAL ELECTRONIC MAIL MESSAGE** is any electronic mail message the primary purpose of which is the commercial advertisement or promotion of a commercial product or service (including content on an Internet website operated for a commercial purpose), as defined in 15 ***USC*** § 7702(2)(A).

(18)  **SEND, SENT** or **INITIATE** when used with respect to a commercial electronic mail message, means to originate or transmit such message or to procure the origination or transmission of such message, but shall not include actions that constitute routine conveyance of such message, as defined in 15 ***USC*** §7702(9). For purposes of this definition, more than one person may be considered to have initiated a message.

(19)  **HEADER** or **HEADER INFORMATION** means the source, destination, and routing information attached to an electronic mail message, including the originating DOMAIN NAME and originating electronic mail address, and any other information that appears in the line identifying, or purporting to identify, a person initiating the message.

(20)  **PROTECTED COMPUTER** is a computer that is used in interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States, as defined in 15 ***USC*** § 7702(13) and 18 ***USC*** § 1030(e)(2)(B).

(21)  **RECIPIENT,** when used with respect to a commercial electronic mail message, means

an authorized user of the electronic mail address to which the message was SENT or delivered, as defined in 15 **USC** § 7702(14).  If a recipient of a commercial electronic mail message has one or more electronic mail addresses in addition to the address to which the message was SENT or delivered, the recipient shall be treated as a separate recipient with respect to each such address.

(22)  **AFFIRMATIVE CONSENT** or **OPT-IN,** when used with respect to a commercial electronic mail message, means (as defined in 15 **USC** § 7702(1)) that:

    (a)    the recipient expressly consented to receive the message, either in response to a clear and conspicuous request for such consent or at the recipient's own initiative; and

    (b)    if the message is from a party other than the party to which the recipient communicated such consent, the recipient was given clear and conspicuous notice at the time the consent was communicated that the recipient's electronic mail address could be transferred to such other party for the purpose of initiating **COMMERCIAL ELECTRONIC MAIL MESSAGES**.

(23)  **AFFIRMATIVE CONSENT** or **OPT-IN,** when used with respect to a commercial electronic mail advertisement, means (as defined in **California Business and Professions Code** § 17529.1(d) and (o)): that the recipient has expressly consented to receive e-mail advertisements from the advertiser, either in response to a clear and conspicuous request for the consent or at the recipient's own initiative; or the intended recipient has a preexisting or current business relationship, as defined in subdivision **California Business and Professions Code** § 17529.1(l), with the advertiser promoting the lease, sale, rental, gift offer, or other disposition of any property, goods, services, or extension of credit.

(24)  **DECEPTIVE SUBJECT HEADING** or **DECEPTIVE SUBJECT LINE,** as relates to a commercial electronic mail message, is a subject heading of the electronic mail message that would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message (consistent with the criteria used in 15 **USC** § 45), as defined in 15 **USC** §7704(a)(2), with the intent of inducing the recipient to open the message, as described

1   in 15 *USC* §7701(a)(8).   (Also see **California Business and Professions Code §**
2   17529.5(a)(3)).

3   (25)   **SUBMIT BUTTON, EMAIL IMAGE,** or **EMAIL URL** refer to any image, word, set of
4        words, or fixtures in an email, that when the recipient activates by clicking, either send a
5        message or signal to another computer and/or open a web browser containing an
6        internet web site or Internet pop-up window.

7   (26)   **SENDER,** when used with respect to a commercial electronic mail message, means a
8        person who initiates or shires another to imitate such a message and whose product,
9        service, or Internet web site is advertised or promoted by the message, as defined in 15
10       *USC* §7702(16)(A).

11  (27)   **FROM NAME** represents the information provided by the **SENDER** as the source of the
12       **EMAIL** in the **EMAIL HEADER** and appears in the "From:" portion of the **EMAIL**
13       **HEADER.**

14  (28)   **DIRECTED WEB SITE** refers to any internet web site an email recipient is linked to by a
15       URL or other type link contained within an email.

16  (29)   **INCIDENT PERIOD** refers to the period from August 1, 2005 to present.

17  (30)   **LEAD GENERATORS** refers to companies who hire third parties, usually called
18       **AFFILITATES,** to generate consumer sales leads or consumer profiles and who then
19       resell or deliver those sales leads under contract to product and service companies.

20  (31)   **URL** refers to **U**niform **R**esource **L**ocator, the global address of documents and other
21       resources on the World Wide Web.  The first part of the address indicates what protocol
22       to use, and the second part specifies the **IP ADDRESS** or the **DOMAIN NAME** where
23       the resource is located.

24  (32)   **MORTGAGE BROKERS** refers to: real estate agents or agencies; banks; mortgage
25       companies; loan brokers; or other lending institutions or lending agents named in this
26       suit.

27  (33)    **BATES-STAMP REQUEST**.   It is *requested* that **YOU** identify with reasonable
28       particularity the documents produced or to be produced, and as to each document or

1   set of documents, that reference be made to the particular production request that the

2   documents relate.  For ease of reference to these documents at deposition or in other

3   proceedings, Plaintiff requests that **YOU** bates-stamp or number each document

4   consecutively, and, refer to such numbers in identifying the documents produced.

5 (34)   This document requests that **YOU** produce all **DOCUMENTS** that are in **YOUR**

6   **POSSESSION, CUSTODY, CARE OR CONTROL** (hereafter **POSSESSION**).  Such

7   documents, etc. are deemed to be within **YOUR POSSESSION** if **YOU** have actual

8   possession, custody, care or control, or the legal right to obtain the documents on

9   demand (which includes documents held by architects, building designers, contractors,

10   banks, lenders, etc. which previously or currently have been employed or retained by

11   **YOU**.) Documents held by **YOUR** attorney, insurance company, or agent are deemed

12   to be within **YOUR** control.  Likewise, documents held by a parent corporation,

13   subsidiary, or a branch office in another state are within **YOUR** control.  Moreover,

14   documents owned by a third person but possessed by **YOU** are within **YOUR** control.

15 (35)   **REQUEST FOR PRIVILEGE LOG**: If **YOU** withhold from production any **DOCUMENTS**

16   that are responsive to the requests for production below, demand is made that **YOU**

17   provide the following information, as to each **DOCUMENT**:

18   A.    the author(s) of the **DOCUMENT**;

19   B.    description of the type of **DOCUMENT** (*e.g.*, letter, memorandum, note, etc.);

20   C.    the date of the **DOCUMENT**;

21   D.    the name and **ADDRESS** of all addressees listed on the **DOCUMENT**;

22   E.    the name and **ADDRESS** of all persons who were provided with the **DOCUMENT** or a copy of it;

23
24   F.    the name and **ADDRESS** of all persons who saw the **DOCUMENT** or a copy of it;

25   G.    the name and **ADDRESS** of each person to whom the contents of the **DOCUMENT** were communicated;

26   H.    the number of pages of the **DOCUMENT**;

27   I.    the subject matter of the **DOCUMENT**; and

28   J.    the basis for not producing the **DOCUMENT**.

(36)    **REQUEST FOR LOG OF LOST OR DESTROYED DOCUMENTS**:  If **YOU** are aware of any **DOCUMENTS** which have been destroyed, lost or otherwise disposed of, and which would have been responsive to any of the requests for production if the **DOCUMENTS** had not been destroyed, lost or otherwise disposed of, demand is made that **YOU** provide the following information as to each **DOCUMENT**:

A.    the author(s) of the **DOCUMENT** destroyed, lost or otherwise disposed of;

B.    description of the type of **DOCUMENT** destroyed, lost or otherwise disposed of (*e.g.*, letter, memorandum, note, etc.);

C.    the date the **DOCUMENT** was lost, destroyed or otherwise disposed of;

D.    the name and **ADDRESS** of all witnesses who have knowledge of such loss, destruction or disposal;

E.    the name and **ADDRESS** of each person to whom the **DOCUMENT** was addressed or who was sent or received the **DOCUMENT** or a copy of it;

F.    the name and **ADDRESS** of each person to whom the contents of the **DOCUMENT** were communicated;

G.    the subject matter of the **DOCUMENT**;

H.    identify all **DOCUMENTS** that relate to or refer to the loss, destruction or disposal of the **DOCUMENT**;

I.    the basis for claiming any privilege or work product; and

J.    the reason for destroying or otherwise disposing of the **DOCUMENT**.

### III. DOCUMENTS TO BE PRODUCED

Per the above instructions, definitions and privilege log requests, the following **DOCUMENTS** are requested:

40.    Please provide all documents relating to Defendants loan or mortgage vertical marketing programs from June 1, 2005 through January 30, 2006.

41.    Please provide all "Creatives", as described on Azoogleads web site: http://www.azoogleads.com/corp/publishers/apply.php, provided to Azoogleads' **AFFILIATES** or publishers during the period of June 1, 2005 through January 30, 2006, relating to Azoogleads loan or mortgage vertical.

42.    In Azoogleads's untimely responses to Plaintiff's Requests for Admissions No. 23, 32, 33, and 34, Defendant denies the requests and relies on the statement that "Azoogle's contracts with Lead Providers prohibit Lead Providers from using unlawful means, including

without limitation means that would violate CAN_SPAM…".  Please provide copies of those signed contracts, for Defendant's ten (10) largest Lead Providers, relied on in Defendant's untimely response to support their statement of denial.

**DUTY TO SUPPLEMENT**

Please be advised that you are requested to supplement you answers to the foregoing responses as and when required by *F.R.C.P.* 26 which is hereby incorporated herein by reference.

SINGLETON LAW GROUP

Dated:        April 2, 2007

Richard E. Grabowski,
Jason K. Singleton, Attorneys for Plaintiff,
**ASIS INTERNET SERVICES**

# PROOF OF SERVICE

I declare that I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is, Singleton Law Group, 611 "L" Street, Suite "A", Eureka, CA 95501.

On April 2, 2007, I served the following document:

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS, SET TWO; and REQUEST FOR LOG OF LOST OR DESTROYED DOCUMENTS AND FOR DOCUMENTS SUBJECT TO CLAIMS OF PRIVILEGE TO AZOOGLEADS.COM, INC., SET TWO**

on the parties listed below as follows:

**AZOOGLEADS.COM, INC.**
**Henry M. Burgoyne, III**
**KRONENBERGER BURGOYNE LLP**
150 Post Street, Suite 520
San Francisco, CA 94108

☐ **By facsimile machine** (FAX) by personally transmitting a true copy thereof via an electronic facsimile machine to #

☑ **By first class mail** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid and placing the envelope in the firm's daily mail processing center for mailing in the United States mail at Eureka, California.

☐ **By personal service** by causing to by personally delivered a true copy thereof to the address(es) listed herein at the location listed herein.

☐ **By Federal Express, UPS,** or overnight mail

☐ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☑ **(Federal)** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 2, 2007, at Eureka, California.

*Roberta Alliston*
_____
Roberta Alliston

1  Jason K. Singleton, State Bar #166170
   lawgroup@sbcglobal.net
2  Richard E. Grabowski, State Bar #236207
   rgrabows@pacbell.net
3  SINGLETON LAW GROUP
4  611 "L" Street, Suite A
   Eureka, CA 95501
5
   (707) 441-1177
6  FAX 441-1533

7  Attorneys for Plaintiff, ASIS Internet Services

8                 UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10  ASIS INTERNET SERVICES, a California          Case No. C-05-5124 JCS
11  corporation,
                                                  PLAINTIFF'S REQUEST FOR
12         Plaintiff,                             PRODUCTION OF DOCUMENTS AND
    vs.                                           THINGS, SET FOUR; and REQUEST FOR
13                                                LOG OF LOST OR DESTROYED
14  OPTIN GLOBAL, INC., a Delaware                DOCUMENTS AND FOR DOCUMENTS
    Corporation, et al.,                          SUBJECT TO CLAIMS OF PRIVILEGE TO
15                                                AZOOGLEADS.COM, INC., SET FOUR
           Defendants.
16                                                F.R.C.P., Rule 34

17  PROPOUNDING PARTY  :      PLAINTIFF, ASIS INTERNET SERVICES

18  RESPONDING PARTY   :      DEFENDANT AZOOGLEADS.COM, INC.

19  SET NUMBER         :      FOUR

20  TO:  DEFENDANT AZOOGLEADS.COM, INC., and ITS ATTORNEY OF RECORD:

21         Pursuant to *FRCP* Rule 34, Plaintiff **ASIS INTERNET SERVICES** requests that

22  **DEFENDANT AZOOGLEADS.COM, INC.** produce for inspection and copying on **September**

23  **4, 2007**, at 10:00 a.m., at the Law Offices of the Singleton Law Group, 611 "L" Street, Suite A,

24  Eureka, California, the documents described below that are in Defendant's actual or

25  constructive possession. The documents to be produced shall be originals or shall be true and

26  correct copies of originals and verified as such under oath. Receipt of copies <u>attached to a</u>

27  <u>pleading response</u> signed by Defendant or its attorneys prior to or on the due date by mail,

28  together with a reasonable statement of charges for photocopying them, will be treated as full

1  compliance with this demand, only if responding party provides Plaintiff with an estimate of the

2  amount of charges and, if such estimate exceeds $250.00, also provides Plaintiff's counsel

3  with a reasonable opportunity to inspect and copy the originals of said documents in lieu of

4  receiving full copying from responding party. In responding to the Request for Production of

5  Documents, the following definitions, instructions and document-log requests shall apply:

**I. INSTRUCTIONS**

7  1.    If you claim any documents are privileged from publication, inspection or copying,

8  please identify the documents with sufficient particularity to enable Propounding Party and the

9  Court to consider any privilege issue (identifying the document as to its date, type of document,

10  length of document, subject matter of the document, author and identity of all persons to whom it

11  was sent or received the document at any time), please identify the privilege or doctrine which

12  you may claim; and please state the complete basis for claiming the privilege or doctrine as to

13  each document.

14  2.    Propounding Party also requests that you produce documents as they are kept in

15  the usual course of business, together with all files in which produced documents are kept in the

16  usual course of business, or that you organize and label the produced documents that

17  correspond with the subject categories listed in this request.

18  3.    These requests are continuing in nature such that if you subsequently locate any

19  documents that are responsive to these requests, you are required to produce the same.

**II. DEFINITIONS**

21  The words in **BOLDFACE** within the requests below are defined as follows:

22  (1)  **ANY AND ALL**. The term "all" shall mean "any" and vice versa.

23  (2)  **COMMUNICATION**. The term "Communication" shall mean any transmission of
24      information, any information transmitted, and any process by which information is
25      transmitted and shall include written communications and oral communications.

26  (3)  **DOCUMENTS**. The term "Document" or "Documents" shall mean all written, printed,
27      typed, recorded, or graphic matter of every type and description, however and by
28      whomever prepared, produced, reproduced, disseminated or made, in any form, now or

1  formerly in the possession, custody or control of **DEFENDANTS** or their attorneys or

2  agents, including but not limited to, letters, correspondence, telegrams, telexes,

3  memoranda, records, minutes, contracts, agreements, intra-office and interoffice

4  communications, microfilm, bulletins, circulars, pamphlets, studies, reports, notices,

5  diaries, calendar entries, summaries, books, messages, instructions, work assignments,

6  approval notes, notes, write-ups, notebooks, graphs, data sheets, data compilations,

7  computer data compilations and computer runs, worksheets, statistics, speeches, tapes,

8  tape recordings, press releases, public statements and public announcements, public and

9  governmental filings, financial statements, opinions and other writings and other magnetic,

10  photographic, electronic and sound recordings. **DOCUMENT** is synonymous in meaning

11  and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and

12  includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic

13  correspondence, photographs, audio and video recordings, computer records, and other

14  data compilations from which information can be obtained and translated, if necessary,

15  through detection devices into reasonably usable form. A draft or non-identical copy is a

16  separate document within the meaning of the term.

17  (4)  **DOCUMENT** includes, but is not limited to, all articles and items referred to in *Federal*

18  *Rules of Evidence*, Rule 1001, which states:

19  (a)  **Writings and recordings.** "Writings" and "recordings" consist of letters,
20  words, or numbers, or their equivalent, set down by handwriting,
   typewriting, printing, photostatting, photographing, magnetic impulse,
21  mechanical or electronic recording, or other form of date manipulation.

22  (b)  **Copies and Duplicates** are hereby incorporated into the term
   **DOCUMENTS**. **YOU** must produce *in toto* all **DOCUMENTS** responsive
23  to the requests for production and **YOU** must include all **COPIES AND**
   **DUPLICATES** which are not identical to the original. As used herein, the
24  terms **COPIES AND DUPLICATES** are defined as a counterpart produced
   by the same impression as the original, or from the same matrix, or by
25  means of photography, including enlargements and miniatures, or by
   mechanical or electronic re-recording, or by chemical reproduction, or by
26  other equivalent techniques which accurately reproduces the original.

27  (5)  **YOU** and **YOUR** as used herein refers to Defendants: **AZOOGLEADS.COM, INC.;** and

28  your officers, directors, managers, employees, agents, and assigns.

(6)   **YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your alter egos, your employees, your agents, your assigns, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(7)   **DEFENDANT AZOOGLE** refers to **AZOOGLEADS.COM, INC., and DOES THREE through FIFTY, inclusive,** and for each of them, their officers, directors, mangers, employees, agents, and assigns.

(8)   **INCIDENT** includes the circumstances and events surrounding the alleged incident, injury, or other occurrence giving rise to the action, i.e., Plaintiff's receipt of **DEFENDANTS' EMAILS,** as alleged in the complaint.

(9)   **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

(10)  **ADDRESS** means the street **ADDRESS,** including the city, state, and zip code.

(11)  **DIRECTOR** means a natural person designated in the articles as such or elected by the incorporators and natural persons designated, elected or appointed by any other name or title to act as directors, and their successors as defined in **California Corporations Code** § 164.

(12)  **OFFICER** means a chairman of the board, a president, a secretary, a chief financial officer and any such other officers with such titles and duties as shall be stated in the bylaws or determined by the board and as may be necessary to enable the corporation to sign instruments and share certificates as defined in **California Corporations Code** § 312.

(13)  **AFFILIATE** is a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity who has been hired, employed, contracted, purchased, or licensed to send **EMAILS** on **DEFENDANTS'** behalf, or to acquire client profiles, sales leads, sales, contracts, or agreements on **DEFENDANTS'** behalf. **AFFILIATES** are also defined as persons hired, employed, contracted, purchased, or licensed to make sales directly or indirectly for **DEFENDANTS. AFFILIATES** are also

1    email list providers and/or providers either of software or services to send bulk email to

2    lists provided by them or others. **DEFENDANTS** may be in a like relationship with other

3    entities as their **AFFILIATES,** that is **DEFENDANTS** were hired by COMPANY X to

4    send **EMAILS** on their behalf.

5    (14)    **EMAIL** is an electronic mail message as defined in 15 **USC** § 7702(6).

6    (15)    **EMAIL ADDRESS** is an electronic mail address as defined in 15 **USC** § 7702(5).

7    (16)    **DOMAIN NAME** or **DOMAIN** is any alphanumeric designation which is registered with

8    or assigned by any **DOMAIN NAME** registrar, **DOMAIN NAME** registry, or other

9    **DOMAIN NAME** registration authority as part of an electronic address on the Internet,

10    as defined in 15 **USC** § 7702(4).

11    (17)    **COMMERCIAL ELECTRONIC MAIL MESSAGE** is any electronic mail message the

12    primary purpose of which is the commercial advertisement or promotion of a

13    commercial product or service (including content on an Internet website operated for a

14    commercial purpose), as defined in 15 **USC** § 7702(2)(A).

15    (18)    **SEND, SENT** or **INITIATE** when used with respect to a commercial electronic mail

16    message, means to originate or transmit such message or to procure the origination or

17    transmission of such message, but shall not include actions that constitute routine

18    conveyance of such message, as defined in 15 **USC** §7702(9). For purposes of this

19    definition, more than one person may be considered to have initiated a message.

20    (19)    **HEADER** or **HEADER INFORMATION** means the source, destination, and routing

21    information attached to an electronic mail message, including the originating DOMAIN

22    NAME and originating electronic mail address, and any other information that appears

23    in the line identifying, or purporting to identify, a person initiating the message.

24    (20)    **PROTECTED COMPUTER** is a computer that is used in interstate or foreign commerce

25    or communication, including a computer located outside the United States that is used

26    in a manner that affects interstate or foreign commerce or communication of the United

27    States, as defined in 15 **USC** § 7702(13) and 18 **USC** § 1030(e)(2)(B).

28    (21)    **RECIPIENT,** when used with respect to a commercial electronic mail message, means

1    an authorized user of the electronic mail address to which the message was SENT or

2    delivered, as defined in 15 **USC** § 7702(14).  If a recipient of a commercial electronic

3    mail message has one or more electronic mail addresses in addition to the address to

4    which the message was SENT or delivered, the recipient shall be treated as a separate

5    recipient with respect to each such address.

6  (22)  **AFFIRMATIVE CONSENT** or **OPT-IN,** when used with respect to a commercial

7    electronic mail message, means (as defined in 15 **USC** § 7702(1)) that:

8       (a)    the recipient expressly consented to receive the message, either in
9              response to a clear and conspicuous request for such consent or at the
               recipient's own initiative; and

10      (b)    if the message is from a party other than the party to which the recipient
11             communicated such consent, the recipient was given clear and
               conspicuous notice at the time the consent was communicated that the
12             recipient's electronic mail address could be transferred to such other party
               for the purpose of initiating **COMMERCIAL ELECTRONIC MAIL**
13             **MESSAGES.**

14  (23)  **AFFIRMATIVE CONSENT** or **OPT-IN,** when used with respect to a commercial

15    electronic mail advertisement, means (as defined in **California Business and**

16    **Professions Code** § 17529.1(d) and (o)): that the recipient has expressly consented to

17    receive e-mail advertisements from the advertiser, either in response to a clear and

18    conspicuous request for the consent or at the recipient's own initiative; or the intended

19    recipient has a preexisting or current business relationship, as defined in subdivision

20    **California Business and Professions Code** § 17529.1(l), with the advertiser

21    promoting the lease, sale, rental, gift offer, or other disposition of any property, goods,

22    services, or extension of credit.

23  (24)  **DECEPTIVE SUBJECT HEADING** or **DECEPTIVE SUBJECT LINE,** as relates to a

24    commercial electronic mail message, is a subject heading of the electronic mail

25    message that would be likely to mislead a recipient, acting reasonably under the

26    circumstances, about a material fact regarding the contents or subject matter of the

27    message (consistent with the criteria used in 15 **USC** § 45), as defined in 15 **USC**

28    §7704(a)(2), with the intent of inducing the recipient to open the message, as described

1    in 15 **USC** §7701(a)(8).  (Also see **California Business and Professions Code §**
2    17529.5(a)(3)).

3    (25)    **SUBMIT BUTTON, EMAIL IMAGE,** or **EMAIL URL** refer to any image, word, set of
4    words, or fixtures in an email, that when the recipient activates by clicking, either send a
5    message or signal to another computer and/or open a web browser containing an
6    internet web site or Internet pop-up window.

7    (26)    **SENDER,** when used with respect to a commercial electronic mail message, means a
8    person who initiates or hires another to imitate such a message and whose product,
9    service, or Internet web site is advertised or promoted by the message, as defined in 15
10    **USC** §7702(16)(A).

11    (27)    **FROM NAME** represents the information provided by the **SENDER** as the source of the
12    **EMAIL** in the **EMAIL HEADER** and appears in the "From:" portion of the **EMAIL**
13    **HEADER.**

14    (28)    **DIRECTED WEB SITE** refers to any internet web site an email recipient is linked to by a
15    URL or other type link contained within an email.

16    (29)    **INCIDENT PERIOD** refers to the period from August 1, 2005 to present.

17    (30)    **LEAD GENERATORS** refers to companies who hire third parties, usually called
18    **AFFILIATES,** to generate consumer sales leads or consumer profiles and who then
19    resell or deliver those sales leads under contract to product and service companies.

20    (31)    **URL** refers to Uniform Resource Locator, the global address of documents and other
21    resources on the World Wide Web. The first part of the address indicates what protocol
22    to use, and the second part specifies the **IP ADDRESS** or the **DOMAIN NAME** where
23    the resource is located.

24    (32)    **MORTGAGE BROKERS** refers to: real estate agents or agencies; banks; mortgage
25    companies; loan brokers; or other lending institutions or lending agents named in this
26    suit.

27    (33)    **BATES-STAMP REQUEST**.    It is _requested_ that **YOU** identify with reasonable
28    particularity the documents produced or to be produced, and as to each document or

1   set of documents, that reference be made to the particular production request that the

2   documents relate. For ease of reference to these documents at deposition or in other

3   proceedings, Plaintiff requests that **YOU** bates-stamp or number each document

4   consecutively, and, refer to such numbers in identifying the documents produced.

5  (34)   This document requests that **YOU** produce all **DOCUMENTS** that are in **YOUR**

6    **POSSESSION, CUSTODY, CARE OR CONTROL** (hereafter **POSSESSION**). Such

7    documents, etc. are deemed to be within **YOUR POSSESSION** if **YOU** have actual

8    possession, custody, care or control, <u>or the legal right to obtain the documents</u> on

9    demand (which includes documents held by <u>architects, building designers, contractors,</u>

10    <u>banks, lenders, etc.</u> which previously or currently have been employed or retained by

11    **YOU**.) <u>Documents held by **YOUR** attorney, insurance company, or agent are deemed</u>

12    <u>to be within **YOUR** control</u>. Likewise, documents held by a <u>parent corporation,</u>

13    <u>subsidiary, or a branch office in another state</u> are within **YOUR** control. Moreover,

14    documents owned by a third person but possessed by **YOU** are within **YOUR** control.

15  (35)   **REQUEST FOR PRIVILEGE LOG**: If **YOU** withhold from production any **DOCUMENTS**

16    that are responsive to the requests for production below, demand is made that **YOU**

17    provide the following information, as to each **DOCUMENT**:

18    A.   the author(s) of the **DOCUMENT**;

19    B.   description of the type of **DOCUMENT** (*e.g.*, letter, memorandum, note, etc.);

20    C.   the date of the **DOCUMENT**;

21    D.   the name and **ADDRESS** of all addressees listed on the **DOCUMENT**;

22    E.   the name and **ADDRESS** of all persons who were provided with the **DOCUMENT** or a copy of it;

23 24    F.   the name and **ADDRESS** of all persons who saw the **DOCUMENT** or a copy of it;

25    G.   the name and **ADDRESS** of each person to whom the contents of the **DOCUMENT** were communicated;

26    H.   the number of pages of the **DOCUMENT**;

27    I.   the subject matter of the **DOCUMENT**; and

28    J.   the basis for not producing the **DOCUMENT**.

1   (36)   **REQUEST FOR LOG OF LOST OR DESTROYED DOCUMENTS**: If **YOU** are aware of

2   any **DOCUMENTS** which have been destroyed, lost or otherwise disposed of, and

3   which would have been responsive to any of the requests for production if the

4   **DOCUMENTS** had not been destroyed, lost or otherwise disposed of, demand is made

5   that **YOU** provide the following information as to each **DOCUMENT**:

6     A.   the author(s) of the **DOCUMENT** destroyed, lost or otherwise disposed of;

7     B.   description of the type of **DOCUMENT** destroyed, lost or otherwise disposed of (*e.g.*, letter, memorandum, note, etc.);

8     C.   the date the **DOCUMENT** was lost, destroyed or otherwise disposed of;

9     D.   the name and **ADDRESS** of all witnesses who have knowledge of such loss, destruction or disposal;

10

11     E.   the name and **ADDRESS** of each person to whom the **DOCUMENT** was addressed or who was sent or received the **DOCUMENT** or a copy of it;

12     F.   the name and **ADDRESS** of each person to whom the contents of the **DOCUMENT** were communicated;

13     G.   the subject matter of the **DOCUMENT**;

14     H.   identify all **DOCUMENTS** that relate to or refer to the loss, destruction or disposal of the **DOCUMENT**;

15

16     I.   the basis for claiming any privilege or work product; and

     J.   the reason for destroying or otherwise disposing of the **DOCUMENT**.

17             **III. DOCUMENTS TO BE PRODUCED**

18       Per the above instructions, definitions and privilege log requests, the following

19   **DOCUMENTS** are requested:

20     46.   Please provide all emails that Azoogle.com or Azoogleads.com received in your

21   spam traps from July 1, 2005, through April 1, 2006. Please redact Azoogle's actual sent to

22   email addresses from the emails.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1    **<u>DUTY TO SUPPLEMENT</u>**

2    Please be advised that you are requested to supplement you answers to the foregoing

3    responses as and when required by *F.R.C.P.* 26 which is hereby incorporated herein by

4    reference.

5                                         **SINGLETON LAW GROUP**

6
     Dated:        August 2, 2007
7
                                         Richard E. Grabowski,
8                                        Jason K. Singleton, Attorneys for Plaintiff,
                                         **ASIS INTERNET SERVICES**
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I declare that I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is, Singleton Law Group, 611 "L" Street, Suite "A", Eureka, CA 95501.

On August 2, 2007, I served the following document:

**REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS, SET FOUR; and REQUEST FOR LOG OF LOST OR DESTROYED DOCUMENTS AND FOR DOCUMENTS SUBJECT TO CLAIMS OF PRIVILEGE TO AZOOGLEADS.COM, INC., SET FOUR**

on the parties listed below as follows:
> **Henry M. Burgoyne, III**
> **KRONENBERGER BURGOYNE LLP**
> 150 Post Street, Suite 520
> San Francisco, CA 94108

☑ **By facsimile machine (FAX)** by personally transmitting a true copy thereof via an electronic facsimile machine to # (415) 955-1155

☑ **By first class mail** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid and placing the envelope in the firm's daily mail processing center for mailing in the United States mail at Eureka, California.

☐ **By personal service** by causing to by personally delivered a true copy thereof to the address(es) listed herein at the location listed herein.

☐ **By Federal Express, UPS,** or overnight mail

☐ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☑ **(Federal)** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 2, 2007, at Eureka, California.

Roberta Alliston

1